## THE STATE VS CANTRELL.

The sheriff is required by law to summon the persons selected by the County Court, under the statute, to serve as grand jurors: and if he omits to summon one of them and summons another person in his place, the indictments found by such a grand jury may be quashed.

*Appeal from Izard Circuit Court.*

HOLLOWELL, Attorney General, for the State.

Mr. Justice COMPTON delivered the opinion of the court.

At the October term, 1857, of the Izard Circuit Court, Cantrell was indicted for gaming. A plea in abatement was filed, to which the State demurred. The court overruled the demurrer, and the State saying nothing further, the indictment was quashed, and Cantrell discharged.

It appears from the plea in abatement, that the County Court, at July term, 1857, ordered that sixteen persons, naming them, should be summoned as grand jurors to serve at October term, 1857, of the Circuit Court, and that among the number was one *Samuel Evans*, whom the sheriff did not summon—but that the sheriff without the order of the County Court, or of the Circuit Court, summoned one *Samuel Jones*, who acted as one of the grand jury, by whom the indictment was found, etc.

It is made the duty of the County Court, at its first term after the adjournment of the Circuit Court, to make out, and cause to be delivered to the sheriff, a list of sixteen persons qualified to serve as grand jurors, and the sheriff is required, within twenty days thereafter, to summon them to appear at the next term of the Circuit Court of the county. If the term of the County Court at which grand jurors are to be selected, is not held, the sheriff is required, within twenty days thereafter, to select and summon the requisite number himself. And " if the sixteen persons summoned to serve as grand jurors shall not attend on the first day of the Circuit Court, such court shall order the sheriff, forthwith, to summon a sufficient number of persons qualified to serve as grand jurors to supply the deficiency." *Gould's Dig. chap.* 98, *sec.* 2, 3, 4.

These are the provisions of the act of Assembly bearing upon the question raised by the plea, and they make it plain that the sheriff had no authority to summon Jones as a grand juror.

Power is given the sheriff to summon grand jurors, without the previous action of the court, in but one instance; and that

is, when the term of the County Court, at which the jurors should be selected, is not holden. In this case sixteen persons had been regularly selected by the County Court to serve as grand jurors.

From some cause, which does not appear, the sheriff omitted to summon one of them, and without the order of the Circuit Court, summoned Jones to make up the deficiency. This was a violation of the statute. The act of the sheriff involved the selection as well as the summoning of the juror, and being without authority, was not performed under the sanction of his official oath, which, where the act is done by authority, it must be supposed, has a salutary influence in stimulating him to make a proper selection.

The design of the statute, in prescribing the mode in which grand jurors shall be selected, was to protect the citizen from unfounded prosecution, and to deprive the sheriff, if inclined, of the opportunity of acting corruptly. Any essential departure from its provisions, therefore, the law does not wink at it, however slight.

Finding no error in the record, the judgment of the Circuit Curt must be affirmed with costs.