## DENNING VS. THE STATE.

It is not a good objection to an indictment, that, at the term of the court at which it was preferred, after the grand jury was empanneled and before the indictment was found, two of the grand jurors had been discharged, that they might attend to their private business, and others substituted in their place.

*Appeal from Jackson Circuit Court.*

Hon. WILLIAM C. BEVENS, Circuit Judge.

BYERS, for the appellant.

HOLLOWELL, Attorney General, contra.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

At the term of the court at which the indictment in this case was preferred, after the grand jury had been empanneled, and

engaged in the discharge of their duties, the court upon the application of two of the grand jurors, to be excused from further service on the grand jury, discharged them that they might attend to their private business.

The appellant interposed such discharge as a defence to the indictment, by two pleas in abatement, alleging that the said jurors were not discharged because they stood charged before their fellows with any crime or misdemeanor, or that an indictment might be preferred against them, or because they were sick, or unable to perform the labors of jurors, but for the reason above assigned. The pleas show further that two other men were summoned and substituted, by order of the court, in place of the discharged jurors, who helped to compose the jury that presented the indictment; for which the defendant was not legally indicted.

The court below sustained the demurrer to the pleas, and upon the defendant declining to plead further, entered the plea of not guilty for him, on which were a trial and conviction and judgment, from which the defendant appealed.

Although the grand jury is a co-ordinate authority with the Circuit Court, and independent of it in the business of making presentments, ignoring bills, and finding true bills, it is still a part, a branch of the court, of which the judge of the court is the head and the controlling superior power.

This is shown by his authority to cause vacancies in the panel to be filled, by his duty to charge them as to the performance of their duties, by their application to the court to obtain evidence from contumacious witnesses, by their punishment by the court for continued contumacy, and by the general supervision and authority which, by custom and by statute, the court is called upon to exercise over them. 1 *Arch. Cr. Pr. & Pl. by Waterman* 98, 99, (*note* 5.)

It has been the uniform practice of courts of this State, to excuse from service, before and after the organization of the jury, men who were unable to perform the duties from their own sickness, or that of some member of their families.

We have not seen in our statutes any specific cause for the discharge of a grand juror, but upon the information that there are grounds for proceeding against him; and we do not know why it is implied in the pleas of abatement, that the excuses of the two discharged jurors would have authorized their discharge, had sickness instead of business been alleged as the reason of such excuses. For we know of no statutory authority that can be. invoked to sustain a discharge for anything, except for an impending accusation or inquiry.

Yet, from the necessity of the case, a grand juror that sickens suddenly and violently, ought to be excused, and it is plain that the court alone can excuse him.

The same conclusion might be drawn from sufficient sickness of his family, or from other great emergency. And it would seem a grand juror might properly be excused, to attend the funeral of a near relative, to save his houses, crops, or property from the destruction that an impending fire or flood may threaten.

If the court can discharge a juror, it can fill his place, for the course of public justice must not be obstructed. If a juror is discharged, it must be for some reason that seems to the court to be good, but it would not nullify the discharge to assign an insufficient reason therefor.

In the absence of statutory regulation, the rules of the common law must be the bases of action, and we know of no rule that interferes with the discretion of the court to excuse or discharge a member of the grand jury upon such cause as seems to it to be sufficient.

That discretion may be abused is not conclusive that it will be, and at most cannot be a ground of interference of a higher court, though it may be a good foundation for precaution, by way of legislative enactment.

The 66th section of chapter 52 of Gould's Digest, implies that the foreman of a grand jury may be excused, or discharged any time before the jury is dismissed.

Any person held to answer a criminal charge may object to

the competency of a grand juror that is summoned to take the place of one excused or discharged, as well as to one of the original selection; hence this objection, which is the strongest argument noticed for the pleas, is of no avail.

In the selection of grand jurors this court has been careful to require the statutory regulations to be strictly followed. *State vs. Brown*, 6 *Eng.* 78; *The State vs. Cantrell*, 21 *Ark.* 127; *Wilburn vs. The State, ib.* 198.

Due regard to the peace of society, and reputation and liberty of the citizens demands this; but the court should not be obliged to depend upon a disabled or distracted grand jury, for the performance of its important duties.

Let the judgment be affirmed.