STATE *v.* SWIM.

Opinion delivered June 1, 1895.

*Grand jury—Selecting from bystanders.*

Where, for any cause, the sheriff fails to summon all of the grand jurors selected by the jury commissioners, the court has authority to direct that a sufficient number of bystanders be summoned to complete the grand jury.

Error to Jackson Circuit Court.

RICHARD H. POWELL, Judge.

STATEMENT BY THE COURT.

The sheriff of Jackson county failed to summon four of the persons whom the jury commissioners had selected to serve on the grand jury. It appears that these persons were well known citizens, residents of the county, and could have been summoned by the sheriff. No reason is assigned why they were not summoned. Twenty-five persons had been duly selected by the jury commissioners, and their names placed on the lists of grand and alternate grand jurors. These lists had been duly opened by the clerk, and summons issued and placed in the hands of the sheriff, as the law directs. He had duly summoned twenty of these, and eighteen were present, and answered to their respective names on the first day of the court. Three of those who were present were excused for cause. One more being required to complete the panel, the sheriff, by order of the court, summoned one from the bystanders. The court then proceeded to empanel the grand jury, composed of the fifteen who had been duly selected by the jury commissioners and duly summoned by the sheriff, and the one who had been summoned from the bystanders by order of the court. This grand jury returned into court an

indictment against appellee, who moved the court to quash it. The court sustained his motion, and the State appeals.

*E. B. Kinsworthy* Attorney General, for appellant.

The court had the power to force the attendance of the absentees or order a bystander selected. Sand. & H. Dig. sec. 4285. The court saw proper to order a bystander summoned, and thus completed the jury. The persons served by the sheriff were not rendered incompetent by the failure of the sheriff to serve others. There was only one person on the jury that appellee could object to, and that was the bystander. He could have had him excused if his rights were prejudiced by his serving. Sand. & H. Dig. sec. 2067; 16 Fed. 109. The provisions of our statute requiring that grand jurors shall be served, etc., are merely directory, and a slight deviation from it is not fatal. Suth. St. Const. sec. 449; 33 Miss. 363; 58 Mo. 556; 67 Me. 328; Bish. Writ. Law. sec. 255; 20 Iowa, 82. Slight irregularities in selecting, drawing and summoning a grand jury, where none of the substantial rights of the accused are prejudiced, do not affect the validity of the panel. 72 Ala. 201; 13 R. I. 666; 17 Nev. 275; 18 Fla. 889. If the court had seen proper to quash the return of the sheriff, it could have directed the sheriff to summon the same parties who had appeared, and the bystander, and thus have had the same grand jury, and it would have been a legal grand jury. 28 Ark. 121. 21 Ark. 127 was a different case.

*Gustave Jones* for appellee.

The requirements of the statute must be strictly observed. 22 Ark. 210; 21 *id.* 127; 30 S. W. 421; 5 Ind. 557–565; 3 N. Y. 547–568; 13 Ark. 720. To hold otherwise would be to allow the sheriff to *select* the jury. Where *one* grand juror is disqualified, it vitiates the whole panel. 10 Ark. 71, 78.

Wood, J., (after stating the facts.)   The grand
jury was empaneled as the law directs.   Sec. 4285,
Sand. & H. Dig., is as follows :   "If there shall not be
a sufficient number of competent grand jurors and alter-
nates present and not excused to form a grand jury,
the court may compel the attendance of absentees, or
order bystanders to be summoned to complete the jury."
When it was ascertained that four of the jurors selected
by the jury commissioners were not present, the court
might have compelled their attendance.   It adopted the
other alternative, and ordered a bystander to be sum-
moned to complete the jury.   It is certainly essential to
the legality of a grand jury, and to the validity of their
indictments, that they be summoned as the law directs.
But the failure of the sheriff, from any cause, to summon
a part of those who were selected by the jury commis-
sioners could not vitiate the service properly had upon
the residue, and render them incompetent jurors ; nor
would the failure of the sheriff *in toto* to summon the
list selected by the jury commissioners vitiate the or-
ganization of a grand jury which had been formed ex-
clusive of such lists, or composed in whole or in part of
such lists, if summoned by order of court.   For sec.
4291, Sand. & H. Dig., provides :   "If, for any cause,
the jury commissioners shall not be appointed, or shall
fail to select a grand or petit jury, as provided in this
chapter, or the panel selected shall be set aside, or the
jury lists returned into court shall be lost or destroyed,
the court shall order the sheriff to summon a grand or
petit jury of the proper number, who shall attend and
perform the duties thereof, respectively, as if they had
been regularly selected."

The regular method prescribed by the statute for
the selection of jurors by jury commissioners (sec. 4265
*et seq.*) is well calculated to secure greater competency
and efficiency in the jury service than the method pro-

vided by sec. 4291, Sand. & H. Dig., *supra*. It cannot be disregarded, nor can any other mode be substituted for it, unless some one of the conditions arise provided for in sec. 4291, *supra*. Therefore, circuit courts are and should be careful to see that the juries are formed, as far as practical and consistent with the administration of the law, from the very lists selected by the jury commissioners. In many instances, however, this would be impossible, or unwise and impracticable; so that the court must exercise its discretion in excusing those who are summoned and present, or in demanding the presence of, or excusing, those who are absent. Otherwise, public justice might be greatly obstructed. But when the jury has been thus organized by the court, composed of men who were summoned according to law, their indictments, otherwise good, cannot be set aside because of the failure of the sheriff to do what the law requires of him in reference to summoning the persons appearing on the lists selected by the jury commissioners.

This is quite a different case from *Cantrell* v. *State*, where the sheriff, without any order of court or warrant or authority of law, summoned one as a juror, who had not been named by the county court, to take the place and serve instead of one named on the list. This was the sheriff substituting one juror for another without any order of court. Certainly that could not be done, for that would enable the sheriff, if so disposed, to change the list and substitute one of his own in advance of the court's order. *Cantrell* v. *State*, 21 Ark. 127. Here the court ordered the juror summoned from the bystanders, and the sheriff was only obeying the order of the court.

In this case, no prejudice whatever is shown to appellee by the selection of the juror from the bystanders. But on the contrary, the entire panel, save one, had

been selected by the jury commissioners, and that one, it appears, was possessed of such excellent qualifications as to commend him especially to the court, for he was appointed foreman of the grand jury. The appellee was not entitled to have any particular juror on the grand jury, of the twenty-five who had been selected by the jury commissioners. Reversed and remanded, with directions to overrule motion to quash and to reinstate the indictment.