# Beverett *v.* The State.

*Assault With Intent to Murder.*

(Decided June 18, 1908.  47 South. 133.)

*Pleas in Abatement; Time of Filing; Misnomer.*—While the rule of practice with reference to the time of filing pleas in abatement, applies only to civil and not to criminal cases, yet, under the provisions of section 7569, Code 1907, the court was warranted in declining to receive an unverified plea of misnomer in a criminal case.

APPEAL from Dale Circuit Court.

Heard before Hon. A. A. EVANS.

Hezzie Beverett was convicted of an assault with intent to murder, and appeals. Affirmed.

The bill of exceptions recites that after the case was called for trial, and the state had announced ready, and after the defendant had announced ready also, he tendered to the court his plea of misnomer. It further appears from the statement of the bill of exceptions that the indictment in this cause was returned by the grand jury, and the defendant arrested, and the cause docketed at the fall term, 1906, of the court; that it had been continued at that term of the court generally, but that at the spring term, 1907, it was continued on motion of the defendant because of the absence of a material witness. The record in the bill of exceptions further recites that on account of this delay in filing the plea the court declined to receive it. It is unnecessary to set out the plea; it being an ordinary plea of misnomer, and not verified by an affidavit.

J. E. Z. Riley, for appellant. No brief came to the Reporter.

Alexander M. Garber, Attorney-General, for the State.

ANDERSON, J.—While the rule of practice with reference to time of filing pleas in abatement applies to civil, and not criminal, cases (*Nixon v. State,* 68 Ala. 535), yet section 7567 of the Code of 1907 (section 5264 of the Code of 1896), says: "No plea in abatement, or other dilatory plea to an indictment, must be received, unless it is verified by oath, or unless its truth appears by some matter of record, or other written evidence accompanying it." The plea in question being of the character required to be sworn to, the trial court was war-

ranted in declining to receive same, as it was not veri-fied. The judgment of the circuit court is affirmed.
Affirmed.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., con-cur.