### STONE *et al.* v. BIBB.

1. The plaintiff of record cannot be examined as a witness to support the action, although he is shewn to be a mere trustee, by other testimony; nor can he be made competent by the deposit of a sum of money sufficient to cover the costs of the suit, although he at the same time releases all his interest in the sum to be recovered, to the person benefically entitled to it.

Writ of Error to the Circuit Court of Montgomery County.

ACTION of assumpsit on a note executed by the plaintiffs in error, to Bibb, the defendant. In the progress of the trial, evidence was given, tending to show some defect in the consideration of the note, which was given for the purchase of a tract of land, sold by Bibb, by virtue of a deed of trust, executed by one Vincent, to secure certain of his creditors. The creditors wished to introduce Bibb as a witness, to disprove some of the matters shown in defence, and, to render him competent, they deposited in Court a sufficient sum to cover the costs which had accrued, or might accrue, in the suit. Bibb at the same time relinquished to his *cestuis que trust*, all his right to commissions, and then deposing on the *voire dire*, that he had no interest in the suit, was permitted to be sworn as a witness.

The defendants excepted, and now seek to reverse the judgment rendered against them, on the ground that this witness was improperly admitted to testify.

HILLIARD, for the plaintiffs in error, and DARGAN, for the defendant, submitted this case on an imperfect transcript, which they agreed should be considered as presenting the facts before stated.

GOLDTHWAITE, J.—This is the first time, in this State, within our knowledge, that the plaintiff on the record, has been allowed to change his position, and, instead of a party, become a witness, to support his own suit, without being called on by, and against the consent of, his adversaries. We are not unaware that some decisions of the Courts of Pennsylvania, and of the Circuit Court of the United States, setting in that State,

have sanctioned this practice. Innovations have also been made in the English Courts, and in most of the Courts of our sister States, on the admitted rule of the Common Law, which in its strictness, excluded the parties on the record from ever giving evidence. The exceptions to the rule of the Common Law, in most cases, have established themselves by their manifest necessity in some, and by their good sense in most, of the cases, They are mostly all collected by Judge Cowen and Mr. Hill, in their notes to Phillips' Evidence, pp. 134, 1148, but are entirely too numerous to receive an examination within the compass properly allowable to an opinion. It is not very important, so far as the decision of this case is concerned, to inquire whether the rule of the Common Law has its origin in policy, or whether it depends entirely on the question of interest. If in the former, it has continued too long to be abrogated by mere judicial decision; and if on the latter, as we incline to believe, it is difficult to conceive in what manner, by his own act, the plaintiff, or by the acts of others, can divest himself of the interest which is inseparably attached, as it seems to us, to his condition as an actual party to the record. Has he the legal right to force his adversary to resort to the custodian of the money, when he, or another for him, deposits the estimated amount of costs? Is it not also worthy of consideration. whether there is not a variety of contingent interests and liabilities which cannot be anticipated by any foresight, nor obviated by any mode except the consent of the other party?

The present condition of this case illustrates one of these contingencies. It cannot be supposed that a deposit made by those interested in the deed of trust, could be reached to satisfy the costs of this suit in error. So likewise if the defeated party, defeated too by the evidence given by his adversary, should afterwards make out a case for equitable relief, it is supposed that the plaintiff, where he is not merely nominal, must be liable for costs.

It must be observed that this is not the case of a mere nominal plaintiff, where a name is used under the statute; therefore it is needless to distinguish this from such a case.

It is unnecessary further to examine this case, as we are satisfied that whenever the parties on the record, are liable for

either direct or consequential costs, then none but the adverse parties can extinguish the interest, and, consequently, that no one in the condition of this plaintiff, can be examined as a witness, without the consent of those who are authorized to insist on his retaining his liability.

Let the judgment be reversed and the cause remanded.