## GOODWIN, use of HALE, Adm'r of Woods, v. HARRISON.

1. Under the statute authorising *discoveries* in suits at law, it is with the party exhibiting the interrogatories to elect whether he will have the adverse party attached and compelled to answer, or continue the cause, or when the defendant is required to answer, to have him defaulted for a failure to answer within sixty days after service.

2. It is discretionary with the court to set aside a default entered upon a failure to answer in such a case, but this discretion ought not to be exercised, unless a satisfactory reason is shown for the failure to answer, and the showing in all cases where practicable, should be accompanied by full and explicit answers.

3. A demurrer to a plea of the statute of limitations, pleaded by name only, with the consent of the parties, raises no question but the one whether the statute can be pleaded to the action.

4. A party, to whom a chose in action is due by parol only, cannot be a witness against the defendant, although the suit is for the use of another, and all his interest in it is extinguished

5. One species of open accounts is, when there are running or current dealings between the parties which are kept unclosed with the expectation of fresher transactions.

WRIT of error to the County Court of Dallas county.

Assumpsit by Goodwin, as surviving partner of Wood, deceased, on the common counts, one of which is for money lent. The defendant pleaded, in short, by consent—1. Non-assumpsit. 2. Payment. 3. Statute of limitations. This last plea was demurred to, but the demurrer was overruled.

Interrogatories, in the nature of a bill of discovery, under the statute, were filed, and the defendant having failed to answer them within 60 days from their service on him, the court, on motion of the plaintiff, set aside the defendant's pleas, and ordered a judgment by default to be entered; but afterwards, in the same term, on motion of the defendant, set aside the default on payment of costs of the term, and reinstated his pleas.

At the trial, the plaintiff offered A. M. Goodwin, the nominal plaintiff, as a witness. The defendant opposing his introduction, the plaintiff offered to prove, by other competent witnesses, that the mercantile firm of Woods & Goodwin was dissolved in March, 1837; and, also, that M. G. Woods, one of the partners therein, and since deceased, took all the assets of the co-partnership, and agreed to pay all the debts. He further offered to prove, that Woods, long since, and before the commencement of this suit, had paid all the debts of that firm, which were known or believed to exist; and that the choses in action, standing in the name of the firm, formed a part of the personal estate of Woods, and had passed to his personal representatives; also, that from the dissolution of the partnership until, and at the trial, Goodwin had no interest in the cause of action, nor was he in any way liable for debts of the said firm; nor interested in the event of this suit, except a liability for costs. The real plaintiff, Hale, also deposited in court a sum of money sufficient to pay all costs, which had accrued, or could arise. The witness was, notwithstanding, rejected.

There was evidence before the jury to show, that two pieces of goods, part of those contained in the general account sued for, were sold at an agreed price; that nothing was said at the time as to the period when payment should be made, but it was the custom of merchants, and the rule of the firm, known to its customers, that articles, thus purchased, were to be paid for on the 1st January thereafter.

On this evidence, the court was requested to charge the jury, if this proof satisfied them that at the time of sale, a price was

Goodwin, use of Hale, Adm'r of Woods, v. Harrison.

agreed on, and the time of payment fixed, with respect to the goods spoken of, then, so far as these articles were concerned, the statute of limitations of three years did not apply.  This was refused; and the jury instructed, that in this case, under the pleadings, the statute of limitations of three years would apply, if the articles were sold to the defendant by a merchant in the ordinary course of his business, whether the price was agreed upon or not, provided there was not an agreement more specific with respect to the time of payment, than the general understanding that the price should be due on the 1st January next after, according to the custon of merchants.

The action of the court on these several points, was excepted to by the plaintiff, and he assigns as error—

1. The reinstating the defendant's pleas after the default was allowed for his omission to answer interrogatories.

2. The overruling of the demurrer to the plea of the statute of limitations.

3. The refusal of the court to allow the nominal plaintiff as a witness.

4. In refusing the charge requested.

Evans, for the plaintiff in error, as to the 1st and 2d assignments, cited Clay's Digest, 341, § 160; 1 Ala. Rep. N. S, 124.

As to the 3d, 3 Binney, 306; 6 ib. 478; 2 Dallas, 172; 4 Dallas, 137; 2 Bay, 93; 1 Peters' C. C. 301; 2 Stephens' Nisi Prius, 1737; 1 S. &. P. 17; 1 Ala. Rep. N. S. 506; 1 Ala Rep. N. S. 371.

Edwards, contra, cited 2 Ala. Rep. N. S. 100; 1 ib. 62.

GOLDTHWAITE, J.—1. The plaintiff's first exception questions the power of the county court to set aside the default entered in this case, in consequence of the failure of the defendant to answer interrogatories filed under the statute.  The act provides, that when the party fails to answer for sixty days after service, or answers evasively, the court may attach the party, and compel him to answer in open court; or may continue the cause; and require more direct and explicit answers; or, if the party be the defendant, it may set aside his plea or pleas, and give judgment against him, as by default.  [Clay's Digest, 341,

§ 160.] And we think it must be construed as giving the adverse party the election to select either of the modes pointed out, as otherwse the object of the enactment might oftentimes be successfully evaded.

2. But, whle the party has his election, which of these modes shall be adopted by the court, at his instance, we think it entirely competent for the court, on the application of the party against whom the interrogatories are filed, on a sufficient showing, to extend the time for the answer, or even to set aside the default occasioned by the neglect to answer within the time specified by the statute. It is obvious that cases may exist where the service is made on an attorney, that his client may not be advised within that time, or he may reside at so great a distance that information cannot be given him. In such, and similar cases, the statute might work irreparable mischief, if the courts had not the discretion to enlarge the time; and the same evils might result if a default incurred could not be set aside.

The court trying a cause can always control it, by setting aside any interlocutory, or even final judgment, and we can see no reason for supposing that these means of preventing apparent injustice, may not be applied to the statute referred to.

As the setting aside the default, and reinstating the defendant's pleas, must be considered as the exercise of a discretionary power, it is no more the subject of revision here, than would the allowance of an amendment of pleadings, or the award of a new trial. We may remark, however, that this discretion ought never to be exercised, unless a satisfactory reason is shown for the omission to answer in proper time: and this, in all cases where it is practicable, should be accompanied with full and explicit answers.

3. The demurrer to the pleas of the statute of limitations, was properly enough overruled, because there is nothng for the demurrer to act upon. The plea is not drawn out, but is interposed, by its name merely, with the consent. as the record states, of the parties. We can only remark, if parties will consent to this mode of pleading, they cannot afterwards be heard to complain, that enough is not stated. The only question which arises on such a demurrer is, whether the statute of limitations is an appropriate plea to an action of assumps.t. And in this aspect, we presume it is sufficiently answered.

4. The question, growing out of the refusal to allow the nomi-

nal plaintiff to be examined as a witness, is, we think, concluded by the decision of this court. in Stone, et al. v. Bibb, [2 Ala. Rep. 100.] The witness, in that case, was the plaintiff in the suit; but he was merely a trustee, having no interest whatever in the sum sought to be recovered, except a claim to commissions, which he relinquished to the *cestui que trusts*, and they deposited a sum in court sufficient to pay the costs. It was held, that he was not, nor could be made, a competent witness; and we then recognized, as a well settled rule, that parties to the record, liable for either direct or consequential costs, are interested in such a manner that none but the adverse party can extinguish the interest, and thus make the party competent as a witness.

The rule, which excludes a party on the record from being a witness in general, doubtless had its origin in the fact that such a party was always interested; but it is very questionable whether it ought not now to be supported from motives of policy. In modern times, so many ways have been devised of assigning and transferring choses in action, that there is danger, if the rules are further relaxed, that these may be created, as well as assigned, if the parties, to whom they are due, can establish their existence after transferring their interest to others. It may be said, when the chose in action is evidenced by a written promise to pay, that it may even now be established by the testimony of him to whom it is made, when he has assigned it to another, and also divested himself of all interest. However this may be, it is certain, in that case, that more checks exist than do when the contract is verbal only. We are aware of no decisions, other than those of Pennsylvania, and the circuit court of the United States for that district, where a plaintiff on the record has been allowed as a witness against the consent of the defendant. All the cases bearing on this question. English as well as Amercan, have been collected in Cowen & Hill's notes, [pp. 133 to 142 and 1548,] and the weight of authority seems to preponderate greatly against the admission of a party in such a case as this. Our conclusion, on this point of the case, is, that the nominal plaintiff was properly rejected as a witness.

3. The other remaining question is, whether the charge of the court, with respect to the operation of the statute of limitations, can be sustained. It appears, that in the general account of the plaintiff against the defendant, were two pieces of goods, of

which the price was agreed upon by the parties, but nothing was agreed as to the period for the payment; the general usage of the firm, and the custom of the merchants, known to all its customers, including the defendant, was, that goods, purchased during the season, were to be paid for at the end of the year.

It is insisted, that here the time of payment, as well as the price, was ascertained; and, therefore, so far as these goods were concerned, there was not an open account within the decision of Sheppard v. Watkins, [1 Ala. Rep. N. S. 62.]   It is true, in that case, we came to the conclusion that the account was open, because the price was not agreed upon between the parties; but we apprehend this is not the only criterion by which an open account may be determined.   In common parlance, an account is said to be open whenever there have been running or current dealings between the parties, which are kept unclosed with the expectation of further transactions between them.   In such a case, it is obvious that the accounts are open, and while it remains so, it is within the statutory bar of three years.   There was, then, no error in refusing the charge requested; nor is the one that was given obnoxious to the charge of misleading the jury.

Let the judgment be affirmed.