# Peters *v.* Nolen.

### *Detinue and Assumpsit.*

(Decided Jan. 9, 1912.   Rehearing denied Jan. 30, 1912.
57 South. 398.)

1. *Appeal and Error; Dismissal; Filing Transcript.*—Under rule 41, Supreme Court Practice, where the transcript was filed during the term to which the appeal was returnable, the motion to dismiss it must have been made within the time allowed by the rule, else the motion will be overruled.

2. *Same; Reservation of Ground; Bill of Exceptions.*—Where the bill of exceptions does not show instructions on which a ruling is asked, such ruling cannot be reviewed on appeal.

3. *Same; Assignment of Error.*—Where the single assignment of error in reference to the judgment suggests only another different specific objection, a judgment in detinue which was based on a verdict which did not assess the value of one of the items of the property sued for will not be reversed.

41 CA

[Peters v. Nolen.]

4. *Judgment; Conformity to Verdict.*—Where the complaint contained but two counts, one in detinue and another claiming an amount alleged to be due under a sealed instrument, the nature of which is not alleged, and the verdict in addition to finding that the plaintiff was entitled to the property sued for, further found that there was a sum due on the mortgage, such a verdict will not support a judgment for such sum under section 3789, Code 1907.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Detinue and assumpsit by G. P. Nolen against E. M. Peters. Judgment for plaintiff and defendant appeals. Submitted on motion to dismiss the appeal and on the merits. Motion denied and judgment affirmed.

The motion was entered November 21, 1911, and is as follows: "The appellee moves the court to dismiss the appeal in this case on the following grounds: The judgment appealed from was rendered August 11, 1910, and the appeal was taken March 10, 1911, to the term of the court then in session, and the record was not filed until April 27, 1911, after the last case of the Fifth division at the term to which the appeal was taken."

GEORGE A. SORRELL, and M. PETERS, for appellant. The transcript was filed in time and the motion came too late.—*Street v. Street,* 113 Ala. 333. Charge 2 should have been given. The court will review a written charge when it does not state a correct principle of law although it is not before the court by bill of exceptions.—*H. A. & B. Co. v. South,,* 112 Ala. 642. The judgment should have been for the property sued for, or for the value of the debt in the alternative.—*Collier v. White,* 97 Ala. 616. The verdict in this case is not in good form.—*McCullough v. Floyd,* 103 Ala. 448. It will not support a judgment.—27 Ala. 562; *Jennings v. Willoughby,* 159 Ala. 651; *Russell v. Thompson,* 160 Ala. 310; 162 Ala. 105; on the above authorities, it must be held that the judgment was of no effect.

[Peters v. Nolen.]

RIDDLE, ELLIS, RIDDLE & PRUIT, for appellee. The transcript was not filed in time and no order was made continuing the cause, and it should be dismissed.— Rule 41, Sup. Ct. Pr.; *Sears v. Kirksey,* 81 Ala. 98; *Witherow v. Woodward I. Co.,* 81 Ala. 180; *Porter v. Martin,* 139 Ala. 318. There was no such judgment on demurrers as will support an appeal.—*L. & N. v. Stewart,* 128 Ala. 213; *Jasper Co. v. O'Rear,* 112 Ala. 247; 120 Ala. 412; 126 Ala. 369; 125 Ala. 442. The charge is not presented by bill of exceptions, and hence, cannot be reviewed.—*Keystone M. Co. v. Hampton,* 141 Ala. 415; *Donnelly v. The State,* 130 Ala. 132. The verdict was sufficient to support the judgment.—Sec. 3781, Code 1907; *Hanley v. Lawler,* 90 Ala. 529.

WALKER, P. J.—The transcript having been filed during the term to which the appeal was returnable, and the motion to dismiss the appeal because of the failure to fill the transcript within the time prescribed by the rule of practice on the subject (rule 41, Code, p. 1517) not having been made within the time allowed by that rule, that motion must be overruled.—*Street v. Street,* 113 Ala. 333, 21 South. 138.

The record contains no bill of exceptions. The giving of a written charge which is set out in the record is assigned as error. Rulings on charges cannot be reviewed on appeal where they are not shown by a bill of exceptions.—*Milner Coal & Railroad Co. v. Wiggins,* 143 Ala. 132, 38 South. 1010; *Dannelly v. State,* 130 Ala. 132, 30 South. 452.

The complaint, as it was amended, contained two counts, one of them being in detinue for "one black horse about twelve years old," and other personal property, and the other count claiming amounts alleged to be due "from the defendant by a written instrument

under seal," the nature of which was not alleged. So far as disclosed by the record, at the time of the trial the property sued for was still in the possession of the sheriff under the writ of seizure issued on the institution of the suit, neither of the parties having given a bond for a delivery of the property, as authorized by the statute.—Code, § 3780. The verdict of the jury was as follows: "We, the jury, find for the pltff., and find the value of the property sued for as follows: One lot of corn, value $75.00—one lot of fodder, $10.00—30 bu. cotton seed, $6.00—one cow and her calf, $15.00—25 gals. syrup, $10.00—150 pounds of seed cotton, $4.50—one mule, $75.00. And we find $117.06 due on the mortgage." This verdict enumerated all the property sued for except the one black horse, which was not mentioned. The judgment rendered on this verdict was that "the plaintiff have and recover of the defendant the following property or its proven value"—naming the same items of property with their respective values as they were set out in the verdict—"and the further sum of 117.06 on mortgage, besides all the costs in this behalf expended, for all of which let the proper writ issue." The only assignment of error directed against this judgment is the following: "(1) The court erred in entering a judgment against the defendant for the proven value of the property and the further sum of $117.06." This assignment of error must be sustained. The part of the judgment which awarded to the plaintiff the sum of $117.06 was not supported by the verdict. The verdict did not contain a finding in favor of the plaintiff for that sum. Its finding in that regard was merely that there was "$117.06 due on the mortgage." In view of what the record discloses and fails to disclose, that part of the verdict cannot be given the effect of necessitating or authorizing the rendition of

such a judgment as is provided for by section 3789 of
the Code when a suit is by a mortgagee or his assignee
against the mortgagor or one holding under him, and
the defendant upon suggestion requires the jury to as-
certain the amount of the mortgage debt, as the record
in this case nowhere shows that this is such a suit, and
contains no suggestion by the defendant that the jury
be required to ascertain the amount of any mortgage
debt or the unpaid balance of the purchase price of any
article sold.   The result is that the part of the verdict
last mentioned can neither support a judgment in favor
of the plaintiff for the recovery of money nor entitle
the defendant to the kind of judgment which is pre-
scribed in the contingencies provided for by the section
of the Code just referred to.   So far as the defendant
was prejudiced by the rendition of that unauthorized
part of the judgment, he will be fully protected by a
correction of the judgment here by striking from it the
clause awarding to the plaintiff the sum of $117.06.
The verdict supports the judgment as thus corrected.

The criticism by the counsel for the appellee of the
judgment appealed from because it was based upon a
verdict which did not assess the value of one of the
items of personal property which was sued for, namely,
the "one black horse," which was not included in the
judgment rendered in favor of the plaintiff, need not
be considered, as the feature of the judgment which is
the subject of this criticism is not brought into ques-
tion by the single assignment of error in reference to
the judgment which suggests only another and different
specific objection to it.

The correction above indicated will be made here,
and the judgment as so corrected is affirmed, the costs
of the appeal to be taxed against the appellee.

Corrected and affirmed.