# Thompson *v.* Cole.

## *Assumpsit.*

(Decided December 19, 1912.  60 South. 556.)

1. *Evidence; Account Books.*—Books of account or written entries made in the usual course of business by a decedent are admissible in evidence if in his handwriting, and made about the time of the alleged transaction.

2. *Same; Time of Entry.*—An entry made by a decedent in an account book, to be admissible, need only be made within a reasonable time of the transaction which it records; what is a reasonable time depending upon the particular circumstances, having regard to the situation of the parties, the nature of the business and the time and manner of making the entries.

3. *Trial; Objections to Evidence; Admissible in Part.*—Unless all of the entries therein are inadmissible, the court will not be put in error for admitting the account where the objection to the admission of the account went to it as a whole.

4. *Appeal and Error; Matters Shown by Record; Presumption.*—Where the bill of exceptions does not contain the account offered in evidence, an appellate court will not presume that the charges against the defendant shown thereby amounted to less than credits shown by him.

5. *Same; Review; Record.*—Where the record does not show the instructions complained of, rulings on such instructions will not be reviewed.

[Thompson v. Cole.]

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by Susie H. Cole as administratrix, against N. F. Thompson. Defendant appeals from the judgment rendered against him. Affirmed.

L. J. HALEY, JR., and T. M. BRADLEY, JR., for appellant. Counsel discuss the errors assigned, but without citation of authority.

G. J. PROSCH, for appellee. No brief reached the Reporter.

WALKER, P. J.—It is not made to appear that the court was in error in admitting in evidence entries, shown to be in the handwriting of the plaintiff's intestate, made in a book shown to have been kept by him in the conduct of his business. The bill of exceptions states that that book showed an account between the plaintiff's intestate and the defendant, and that the defendant was indebted to said intestate, but does not set out the account as it appeared on the book, or state the amount of the balance shown by it. For anything appearing to the contrary, it may have embraced entries other than those for the amounts of milk tickets which the plaintiff testified that the deceased posted on the book from such tickets once every week, and such other entries may have purported to have been made at or about the times of the transactions to which they related. If so, the book could properly be looked to for such other entries, as they were admissible in evidence under the rule that "books of account, or written entries made in the usual course of business by a witness who is shown to be dead, or beyond the jurisdiction of the court, are admissible in evidence when shown to be in the hand-

14 CA

writing of such deceased or absent witness, and purport or are shown to have been made at or about the time of the alleged transaction."—*Sands, Adm'r, v. Hammell,* 108 Ala. 624, 18 South. 489; *Elliott v. Dycke,* 78 Ala. 150. Besides, it seems that the entries of the amounts of the milk tickets were not rendered inadmissible by the testimony showing that they were made once a week, as the law does not fix a precise time within which such entries must have been made to render them admissible in evidence; it being sufficient if they were made within a reasonable time, and the question of what is a reasonable time being one dependent upon the circumstances of the case presented, regard being had to the situation of the parties, the kind of business, the mode of conducting it, and the time and manner of making the entries.—*Murray & Peppers v. Dickens,* 149 Ala. 240, 42 South. 1031. However that may be, as the objection as it was made was to the account as a whole as it appeared on the book, the court cannot be charged with error for overruling it, as it is not made to appear that all the entries found on the book were inadmissible as evidence.

The claim that the defendant's motion for a new trial should have been granted is sought to be supported on the ground that the evidence without conflict showed that the defendant was entitled to credits amounting to more than the charges shown against him by the account upon which the plaintiff relied. This claim is based upon the assumption that the amount of the account against the defendant was the same as that disclosed by the statement offered in evidence by the plaintiff showing the value of the milk sold to the defendant. It does not appear from the bill of exceptions that such was the fact. As above stated, the bill of exceptions does not set out the account offered in evi-

dence by the plaintiff or state the amount of the balance against the defendant shown by it. The bill of exceptions not showing that such was a fact, we cannot presume that the amount of the charges against the defendant shown by the account offered in evidence was less than the aggregate amount of the credits shown by the evidence offered by him.

The appellant assigns as error the action of the court in giving a written charge requested by the plaintiff which is not set out in the bill of exceptions. Rulings on charges cannot be reviewed on appeal where they are not shown by the bill of exceptions.—*Peters v. Nolan*, 3 Ala. App. 641, 57 South. 398.

Affirmed.