## Peters *v.* Nolen.

### *Detinue and Assumpsit.*

(Decided June 4, 1914.　Rehearing denied June 20, 1914.
65 South. 699.)

1. *Appeal and Error; Judgment; Nunc Pro Tunc Entry; Jurisdiction.*—Where a judgment from nisi prius court has been appealed and on appeal is affirmed and corrected, the circuit court judgment becomes merged into the judgment of the appellate court, and the circuit court has no jurisdiction to amend the judgment *nunc pro tunc.*

2. *Same; Review; Matters Presented; Bill of Exceptions.*—The ruling of a trial court on motions can only be presented for review by a bill of exceptions showing such ruling and exceptions thereto, and in the absence of such bill of exceptions, such rulings are not presented for review.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by G. P. Nolen against E. M. Peters in Detinue and Assumpsit. Judgment for plaintiff and from an order denying a motion to amend the judgment nunc pro tunc the defendant appeals. Affirmed.

M. PETERS, for appellant. It is within the power of circuit courts any time within three years to amend its judgment nunc pro tunc because of clerical error or other mistake of the clerk.—Section 4140, Code 1907; *Browder v. Falkner,* 82 Ala. 257; *Diston v. Hood,* 83 Ala. 331; *Ware v. Kent,* 123 Ala. 430; *Wilmerding v. Corbin Banking Co.,* 126 Ala. 277. The appeal was authorized by section 4145, Code, 1907.

RIDDLE, ELLIS & RIDDLE, for appellee. The ruling of a lower court on a motion can be reviewed only when such ruling and exceptions thereto are presented by bill of exceptions.—*Stallworth v. State,* 129 Ala. 118; *Mouton v. L. & N. R. R. Co.,* 128 Ala. 537. The judgment has become merged by an appeal and affirmance in the court of appeals and the circuit court had no jurisdiction to entertain the motion.

PELHAM, J.—The original suit in which the appellee brought suit in detinue and assumpsit against appellant and recovered a judgment will be found reported in the name of the same parties to this appeal as appellant and appellee, respectively, in 3 Ala. App.. 641, 57 South. 398. After the original judgment appealed from in the circuit court was corrected and affirmed on appeal here (*Peters v. Nolen,* 3 Ala. App. 641, 57 South. 398), the appellant, who was the defendant in the circuit court, filed a motion in that court to amend the judgment there nunc pro tunc, and appeals from an order overruling the motion.

Aside from the fact that after this court had affirmed and corrected the judgment of the circuit court the judgment of that court became merged in the judgment of this court, and the lower court was without jurisdiction or authority to amend a judgment of this court, the ruling of the circuit court on the motion is not presented on this appeal so that it can be considered by us.

The bill of exceptions shows no ruling on the motion or exception thereto, and this is the only manner, under the uniform holdings of the Supreme Court, in which rulings of the trial court on motions can be presented for review to the appellate court.—*Barton v. Charter Gas Co.,* 154 Ala. 275, 45 South. 213; *Mouton*

*v. L. & N. R. R. Co.,* 128 Ala. 537, 29 South. 602; *Allen v. Alston,* 147 Ala. 609, 41 South. 159; *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251.

Nothing is presented for review authorizing a reversal.

Affirmed.