# Moreland *v.* Dickerson & Baker Lumber Co.

## *Assumpsit.*

(Decided April 15, 1915.   68 South. 526.)

1. *Limitation of Actions; Account; Account Stated.*—Where the plaintiff employed the defendant to sell lumber on a commission of one-half of the net profits realized on sale made by him, and advanced the defendant money to pay the expenses of travelling and selling the lumber, and charged each item so advanced against the defendant and credited him with his half of the net profits, realized on sales of lumber, as and when made by the defendant, the statutes of limitation of three years barred an action, brought more than three years after the entry of the last item, unless the account had become a stated account, or unless the money loaned was a loan within the six years statute.

2. *Same; Loan of Money.*—Subdivision 5 of section 4835, Code 1905, refers to a simple loan of money, and not to money advanced on an open and mutual account between the parties, the balance due on which is barred after three years from the date of the last item, unless the account has become stated.

3. *Principal and Agent; Compensation; Evidence.*—An agent selling lumber on commissions, subject to the right of the principal to reject orders obtained by the agent, cannot recover commissions on mere proof of orders obtained, but he must go further and show that the orders were accepted before he would be entitld to credit therefor.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Dickerson & Baker Lumber Co. against C. H. Moreland. Judgment for plaintiff and defendant appeals. Reversed and remanded.

B. G. FARMER, for appellant. The account is barred by the three year statute of limitation, as the suit was not filed until more than three years after the entry of the last item, and the account never became a stated account.—*Lowenthal v. Morris,* 103 Ala. 336; *Comer v. Way,* 107 Ala. 300; *Alexander v. Moore,* 111 Ala. 410; *Pollak v. Winter,* 166 Ala. 255.

W. R. CHAPMAN, for appellee. No brief reached the reporter.

THOMAS, J.—Our statute of limitations provides that all actions for the recovery of money upon a loan or upon a stated or liquidated account must be brought within six years, but that all actions for the recovery of money due by open or unliquidated account must be brought within three years from the date of the last item of the account, or from the time when, by contract or usage, the account is due.—Code, §§ 4832, 4835 (subd. 5), 4838.

When there are mutual accounts, the time must be computed from the date of the last item, unless the account is liquidated and a balance struck.—Code, § 4849.

The suit here was by the appellees, plaintiffs below, against appellant on the common counts for money due by account and by account stated and for money loaned. The defendant pleaded the general issue as to each count and the statute of limitations as to the count for money due by account. At the conclusion of the evidence, the court gave the general affirmative charge for plaintiffs, in which action we are of opinion the court

erred; since there was no evidence tending to support the count for money loaned, and the evidence showed without dispute that the count for money due by account was barred by the statute of limitations of three years, and the evidence was in conflict as to whether the account had ever been or become a stated account so as to support the count of the complaint predicated on a stated account.

The transactions between the parties, out of which arose the indebtedness here sued for, appear without conflict in the evidence to have been as follows: On September 14, 1908, they entered into a written contract whereby the defendant agreed to sell lumber for the plaintiffs on a commission basis. He was to defray all of his expenses in doing so, was to stand one-half the losses sustained on bad debts for all lumber sold by him, and was to receive as compensation for his services one-half of the net profits realized by plaintiffs on all lumber so sold by defendant, after first deducting from his half of such profits one-half of the loss on bad debts—the plaintiffs reserving the right to reject any and all orders sent in by defendant. During the time that this contract was in operation and effect, the plaintiffs advanced to the defendant as a loan, for the purpose of enabling him to pay his expenses in traveling and selling lumber under the contract, divers sums of money on divers dates between September 8, 1908, and November 8, 1908, charging each item, when so advanced, on their account against defendant, and crediting him all along on such account with his half of the net profits realized by plaintiffs on each sale of lumber as and when made by defendant, after deducting, in the way as aforesaid, losses for bad debts. The last charge for money advanced was on November 8, 1908, and the last credit for commissions on lumber sold was December 16, 1908, when,

it appears, the contract was terminated, leaving the defendant then due plaintiffs a balance of $208.61 on account, for the recovery of which this suit was brought on July 15, 1912—more than three years, as seen, after the date of the last item on the account. Clearly, therefore, the account was barred when the suit was brought, unless before that it had become a stated account, as to which the evidence, as before said, is in direct and positive conflict. Consequently, there is no possible theory upon which the court could have properly given the affirmative charge for the plaintiffs, unless it may be said that, since the items comprising the debt side of the account are for sums of money loaned, each constitutes a loan of money within the contemplation of section 4835, subdivision 5, of the Code cited, requiring six years to bar an action for its recovery, and that these items may be disassociated from, taken out of the account, and recovered upon as for money loaned.

We cannot so agree. The statute has reference to a simple loan of money (19 Am. & Eng. Ency. Law [2d Ed.] 207), and not to money loaned or advanced, as here, on and under an open and mutual account between the parties, the balance due on which becomes barred within three years, as seen, from the date of the last item, unless the account has become a stated account (*Goodwin v. Harrison,* 6 Ala. 438; *Bradford v. Spyker's Adm'r,* 32 Ala. 143; *Ware v. Manning,* 86 Ala. 244, 5 South. 682; *Loventhal v. Morris,* 103 Ala. 335, 15 South. 672; 4. Mayf. Dig. 95, § 28).

"When there are mutual accounts between two persons it is always the understanding that the account upon one side shall offset that upon the other, and in law the debt due from the one to the other is only the balance after the application in reduction of the accounts on the opposite side. Until a balance is struck,

the mutual account is open and current.—*Goodwin v. Harrison,* 6 Ala. 438. There is but one cause of action, and that is for the balance—that party only being a debtor against whom the balance is found. * * * The item of credit must [as here] arise, however, from the mutual act and consent of both parties, and with the understanding, express or implied, that it is to enter into and become a part of their mutual dealing or account, and be the subject of future adjustment in ascertaining the general balance due thereon. * * * Parties having mutual dealings may, at the option of either party, terminate the mutuality at any time, either by an actual ascertainment of balance and settlement thereof, by a statement of account by either party for the purpose of terminating it, or by any act plainly showing to the other party that he means no longer to deal that way."—1 Ruling Case Law, 205.

The court erred, as said, in giving the affirmative charge for plaintiffs.

There is no merit, however, in the other contention of defendant, to the effect that he was entitled to credit on the account sued on for his part of the profits on 16 car loads of lumber sold by him, which were not credited on the account, and which if credited, would have left a small balance due him, instead of a large balance due the plaintiffs, on the account. He testified, it is true, without dispute, that he sold 16 cars of lumber in addition to those that were credited on the account, but his testimony nowhere shows that the orders for these cars were accepted and filled by the plaintiffs. For aught appearing to the contrary, they rejected these orders, as they had a right to do under the reservation in the contract between the parties before mentioned. If they did, the defendant would not be entitled to any credit as to them. There is nothing in the evidence to show, there-

fore, but what the credits allowed defendant on the account were all the credits he was entitled to; hence, his insistence that he proved a complete set-off to the demand sued on is without merit.

Reversed and remanded.