# H. H. Hitt Lumber Co. *v.* McCormack.

## *Assumpsit.*

(Decided May 13, 1915.    68 South. 696.)

1. *Witnesses; Examination; Refreshing Recollection.*—A witness was properly allowed to use certain memoranda made by him to refresh his recollection, where, after so refreshing his recollection, he was able to state the quantity of certain timber shown by the scalings made by him.

2. *Same.*—A mere memoranda used by a witness to refresh his recollection did not thereby become itself admissible.

3. *Evidence; Book Accounts; Scalings.*—Where a person was engaged in cutting logs and scaled the logs cut and made memoranda thereof in a book carried in his pocket, and each night made entries on a sheet of paper from such memoranda and testified that such scaling was correct, such sheet of paper constituted the permanent record, and was admissible as original evidence.

4. *Same; Agent; Admissions; Proof of Relationship.*—Where the action was for cutting logs under a contract with the corporation, and there was some evidence that B. was working for the corporation, had charge of its business, and scaled the logs, and that he furnished one of the plaintiffs a paper showing the amount the logs cut, and there was in evidence a letter from the defendant in which reference was made to "our representative, Mr. B." and the letter contained the same figures as was contained in the statement, this was sufficient proof to render the statement admissible.

5. *Trial; Jury Question; Conflicting Evidence.*—Where the evidence as to the scope and terms of the contract was conflicting, but afforded an inference in favor of plaintiff's claim, it was the province of the jury, and not of the court, to pass upon the conflict in the evidence, and draw inferences therefrom.

6. *Damages; Contract; Breach; Instruction.*—Where plaintiffs were paid $1 per M. feet for cutting all timber on a certain tract of land,

and it appeared that plaintiffs did not employ the work done, but were personally doing the work, and that their labor netted them $2 per day, and that defendant broke the contract by refusing to permit plaintiff to continue to perform the contract, and thus use their own labor, the action being for breach of such contract, a charge asserting that if it would have cost plaintiff the contract price or more to cut the balance of the timber, their damages would be nominal only, was properly refused.

7. *Pleading; Recoupment; Necessity of Plea.*—Under section 5865, Code 1907, recoupment must be specially pleaded to be available as a defense.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Assumpsit by W. O. McCormack and another against the H. H. Hitt Lumber Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

The count declares as for breach of an agreement, by which plaintiffs and defendant mutually agreed that plaintiff would cut all the merchantable timber above 13 inches at the small end on the W. F. Beard and G. M. Bedinger tracts of land in Marshall county, for which defendant would pay plaintiffs at the agreed price of $1 per thousand feet; said timber to be scaled by defendant and payments made semimonthly, as the timber was cut; that plaintiffs were to begin cutting said timber at once and cut fast enough to supply the teams of one West, who was hauling timber for defendant; that, on or about February 8th, while plaintiffs were cutting said timber as agreed and supplying West with all the timber of agreed sizes that he could haul, defendant put other men to cutting timber on said tracts and notified plaintiffs that they would not pay them for cutting any more timber on said tracts, although there was yet at that time on said tracts about 200,000 feet of lumber subject to be cut under said agreements, and defendant has failed and refused to pay them for timber already cut by them on said tracts under said agreement  The

testimony of McCormack showed that the agreement was made with one Lee Bratcher. He further testified that he scaled the logs that had been cut and carried away, and that he made the memorandum in a book every night, and from the book he transcribed the scaling on a sheet of paper and knew it to be correct. The paper handed McCormack by Bullington showed a total of 211,734 feet at $1 per thousand, amount $211.73. Witness testified that Bullington was an officer of the company, and had scaled plaintiff's logs, and knew that he was working for the Hitt Lumber Company, and was there in charge of their business. Defendant's witnesses denied that there was any agreement as to plaintiff cutting all the timber on the two tracts referred to, but that the agreement was that they would get $1 per thousand for cutting, and that the only agreement as to the amount was that they were to cut fast enough to furnish West all he could haul.

The following are the charges refused to defendant:

(1) Affirmative charge as to the first count.

(2) If the jury believe the evidence, they must find that there was no contract that entitled plaintiff to cut all the timber on the Beard and Bedinger tracts.

(3) If there was a contract by which plaintiffs had the right to cut all the timber on the Beard and Bedinger tracts at $1 per thousand, and if defendant without lawful excuse stopped plaintiff from cutting on said tracts, yet, if it would have cost plaintiff $1 per thousand or more to have cut the balance of the timber, then the damages of plantiffs would be nominal only, so far as concerns the first count of the complaint.

CALLAHAN & HARRIS, and STREET & ISBELL, for appellant.

[H. H. Hitt Lumber Co. v. McCormack.]

JOHN A. LUSK & SON, for appellee.

BROWN, J.—(1) The rule as to the right of a witness to refresh his recollection from a memorandum made by the witness is stated in *Birmingham Railway, L. & P. Co. v. Seaborn,* 168 Ala. 658, 53 South. 243, and *Acklen v. Hickman,* 63 Ala. 498, 35 Am. Rep. 54; and we deem it unnecessary to restate it here. Suffice it to say that it was made to appear that the memorandum used by McCormack to refresh his recollection was made by the witness, and that after examining it his memory was so refreshed that he could state the quantity of timber shown by the scalings made by him, and under the rule the court properly allowed the witness to use the memorandum to refresh his recollection.

(2, 3) Treating these entries as a mere memorandum to which the witness could refer to refresh his recollection, and after referring to it his recollection was refreshed, the memorandum itself was not admissible.— *Birmingham Railway, L. & P. Co. v. Seaborn, supra.* But the testimony shows that these entries were more than a mere memorandum. The witness, after testifying that he scaled the logs cut, which were carried away by the defendant, and the cutting of which was not paid for, further testified that the scaling was done by witness each day as the logs were cut, and memoranda made in a little book which he carried in his pocket, and each night the entries of that day's work were made from the memoranda on the sheet; that witness did all the scaling and made all the entries, and that this scaling was correct. This, in view of the character of the work, constituted the sheet the permanent record of the scaling, and it was admissible as original evidence.— *Donaldson v. Wilkinson,* 170 Ala. 510, 54 South. 234;

[H. H. Hitt Lumber Co. v. McCormack.]

*Murray & Peppers v. Dickens,* 149 Ala. 240, 42 South. 1031; *Dickens v. Murray & Peppers,* 163 Ala. 556, 50 South. 1019; *Thompson v. Cole,* 6 Ala. App. 208, 60 South. 556; *Alabama Iron Co. v. Smith,* 155 Ala. 287, 46 South. 475; *West Va. Architects & Builders v. Stewart,* 68 W. Va. 506, 70 S. E. 113, 36 L. R. A. (N. S.) 899, and note.

(4) The testimony of the witness McCormack, aside from what Bullington told him as to his (Bullington's) relations, shows that Bullington was working for the defendant and had charge of its business, and scaled the logs cut by plaintiffs, and that Bullington furnished the paper "Exhibit B" to the witness (one of the plaintiffs), and in the letter from the defendant to plaintiff's counsel regarding the status of the account, shown by Bratcher to be authentic as coming from the defendant, Bullington is referred to as "our representative Mr. E. Bullington," and in the letter identically the same figures are given as shown by the statement. This was sufficient proof to authorize the admission of the statement "Exhibit B" in evidence.

(5) The evidence as to the scope and terms of the contract between the parties was conflicting, and at least afforded an inference that it conferred upon the plaintiffs the right to cut all the timber on the Beard and Bedinger tracts, and it was the province of the jury, and not the court, to pass upon the conflicts in the evidence and to draw inferences therefrom, and charges 1 and 2 were well refused.—*Pantaze v. West,* 7 Ala. App. 599, 61 South. 42.

(6) In view of the evidence showing that plaintiffs were personally performing the work of cutting the timber, that they did not employ the work done, that their labor netted them each $2 per day, and the evidence

tending to show that the effect of the breach of the contract was to deny them the right to perform the work and thus use their own labor, charge 3 was properly refused.

(7) Since the enactment of the statute Code 1907, § 5865, to be available as a defense, recoupment must be specially pleaded.—*Bixby-Theisen v. Evans*, 186 Ala. 507, 65 South. 81; *Carolina-Portland Cement Co. v. Alabama Const. Co.*, 162 Ala. 380, 50 South. 332; *Lawton v. Ricketts*, 104 Ala. 430, 16 South. 59.

We find no error in the record, and the judgment of the circuit court must be affirmed.

Affirmed.