# McDonough v. Commercial State Bank.

### Assumpsit.

(Decided December 19, 1916. 73 South. 754.)

1. **Parties; Amendment; Name.**—Where the complaint as originally filed was against the Commercial Bank & Trust Co., a corporation, it was proper to permit it to be amended so as to read the Commercial State Bank, a corporation; that being the real name of the corporation, and there being no corporation by the former name.

2. **Appeal and Error; Harmless Error; Pleading.**—Where the complaint was demurred to and amended so as to show the proper name of the cor-

[McDonough v. Commercial State Bank.]

poration sued, the action of the court in striking the plea of nul tiel corporation, filed without leave of court, was harmless,

3. **Same; Review; Not Sustained by Record.**—An assignment of error based on the refusal of the court to grant defendant leave to withdraw demurrers and file a plea in abatement, is not presented for review where such ruling is not shown by the record.

4. **Limitation of Action; Money Lent; Account Stated.**—Where the action was on an account stated and money lent, a plea of the statute of limitation of three years was not good, the limitation in such case being six years. (Subdivision 5, Code § 4935.)

5. **Pleading; Striking; Frivolous.**—A plea offered in bar was properly stricken if the plea was frivolous.

6. **Payment; Evidence; Check.**—Checks marked paid, in connection with testimony of witness showing payment thereof, was properly admitted in evidence.

7. **Evidence; Document; Page of Ledger.**—Where the action was assumpsit the leaves of a ledger, a book of original entry kept by plaintiff in due course of business, were properly admitted.

8. **Appeal and Error; Review; Error Not Shown.**—The court will not consider the admission of a paper relating to proceedings to change plaintiff's corporate name, where the paper is not set out in the bill of exceptions.

9. **Same; Finding of Court; Review.**—Under § 5359, Code 1907, as amended, Acts 1915, p. 823, the findings of the facts by the court upon a trial without a jury is subject to review without exception.

10. **Same.**—Where the evidence is conflicting, and there is evidence to sustain the finding of the trial court, such finding will not be reviewed on appeal, where the evidence is ore tenus.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Assumpsit by the Commercial State Bank against J. R. McDonough. Judgment for plaintiff, and defendant appeals. Affirmed.

The second plea was the statute of limitation for three years filed to the complaint, which counted for money loaned and upon an account stated. The fifth plea is as follows:

That the transactions which furnished the basis of this action were had between East Altoona Coal Company and the Commercial State Bank, and that the basis of the action grows out of such transaction, and dealings had prior to January 15, 1909, that subsequent to said date the Commercial State Bank ceased to operate, and the Commercial Bank & Trust Company began to operate in the city of Birmingham, but this defendant says that the name of the Commercial State Bank was not changed to Commercial Bank & Trust Company in the manner provided by

[McDonough v. Commercial State Bank.]

law, and that this defendant neither in his individual capacity, nor as a member of any firm or corporation or partnership ever had any transactions or dealings with the Commercial Bank & Trust Company while it operated under such name, nor in any manner became liable to it while operating under such name.

The other facts sufficiently appear.

J. H. PERDUE, for appellant.    G. W. YANCEY, for appellee.

BROWN, J.— (1) The plaintiff in the complaint as originally filed was styled "the Commercial Bank & Trust Company, a corporation," and during the progress of the trial the complaint was amended by striking out the words "Bank & Trust Company," and substituting therefor the words "State Bank;" so as that the plaintiff's name as thus amended was the "Commercial State Bank, a corporation." It was without controversy that the real corporate name of the plaintiff was stated in the complaint as amended, and that there was no such corporation as the Commercial Bank & Trust Company. The amendment was within the statute, and was properly allowed.—*Savannah, Americus &. Montgomery Railway v. Buford*, 106 Ala. 303, 17 South. 395; *Decatur Light, Power & Fuel Co. v. Newsom*, 179 Ala. 127, 59 South. 615; *King Land & Improvement Co. v. Bowen*, 7 Ala. App. 462, 61 South. 22.

(2) The defendant's plea of nul tiel corporation appears to have been filed without leave of the court, and after the defendant had filed demurrers to the complaint, and it was not error to strike the plea. Furthermore, the subsequent amendment of the complaint rendered this ruling of the court innocuous.— *Savannah, Americus & Montgomery Ry. v. Buford, supra; King Land & Improvement Co. v. Bowen, supra.*

(3) The third assignment of error is predicated on a refusal of the court to grant the defendant leave to withdraw the demurrers and file a plea in abatement. No such ruling is shown by the record, and the assignment is not sustained.

(4) The plea of the statute of limitations of three years was not good as a defense to the counts declaring on a stated account and for money loaned (Code 1907, § 4835, subd. 5; *Moreland v. Dickerson & Baker Lbr. Co.*, 12 Ala. App. 576, 68 South. 526; *Union Naval Stores Co. v. Patterson*, 179 Ala. 525, 60 South. 807) ; and the ruling of the court on the demurrers to plea 2 was free from error.

[McDonough v. Commercial State Bank.]

(5) The defendant's fifth plea, as a plea in bar, was frivolous, and was properly stricken from the files.

(6) The checks offered were stamped "Paid," and the testimony of the witness tended to show that they were paid by the plaintiff. They were properly admitted in connection with this testimony.

(7) It was shown that the ledger, the leaves of which were received as evidence, was the book of original entry kept by the plaintiff in due course of business, and this entitled the leaves pertaining to the accounts in question to be admitted in evidence. —*Hitt Lumber Co. v. McCormack,* 13 Ala. App. 453, 68 South. 696; Code 1907, § 4004.

(8) The paper relating to the proceedings to change the plaintiff's corporate name is not set out in the bill of exceptions, and the exception to its introduction cannot be considered.— *Brown v. State, infra,* 180, 72 South. 757.

(9) Section 5359, Code 1907, as amended by the act approved September 25, 1915 (Acts 1915, p. 824), provides, when a case is tried by the court without the intervention of a jury, "the finding of the court on the evidence shall be subject to review without an exception thereto," abrogating the rule as announced in *W. U. T. Co. v. White & Sons,* 129 Ala. 188, 30 oSuth. 279, and other cases on this subject.

(10) We have examined the evidence, and find that on the question as to whether the account was an open or current account or a stated account the evidence was in conflict, that on the part of the plaintiff tending to show that after the amount of the overdraft was ascertained the appellant assented to its correctness; while that on the part of the appellant tends to show that he had no knowledge of the correctness of the account and did not assent thereto. Some of the evidence touching this question was given ore tenus, and the trial court was in better position to judge of its credibility than this court; and, finding that there was evidence which, if believed, was sufficient to sustain the judgment and conclusion of the trial court, we will not disturb the finding made.—*Mulligan v. State, infra,* 204, 72 South. 761; *Hackett v. Cash,* 196 Ala. 403, 72 South. 52.

We find no error in the record, and the judgment of the city court is affirmed.

Affirmed.