# Nixon *v.* State.

*Indictment for Carrying Concealed Weapons.*

68  535
112  17

68  535
135  22

1. *Plea to indictment, on account of irregularities in organization of grand jury; when filed.*—Although the statute declares that a plea to an indictment, "on the ground that the jurors by whom it was found were not drawn in the presence of the officers designated by law, must be filed at the term at which the indictment is found" (Code, § 4890) ; yet, since the law never requires an impossibility, it must be held that the plea may be filed at the first term at which it is practicable after the defendant's arrest, but before a plea to the merits is interposed.

2. *Plea in abatement; when filed.*—The rule of practice in reference to filing pleas in abatement (Code, p. 160 ; Rule No. 12), applies only to civil cases, and has no reference to criminal prosecutions.

3. *Organization of grand jury; false personation of juror.*—If an absent juror, who was regularly drawn by the officers designated by law, is falsely personated by another person, who has the same surname, and who is sworn and acts as a member of the grand jury in the place of the absent juror, this is fatal to the organization of the grand jury (Code, § 4889), and a good plea to any indictment found by it.

FROM the Circuit Court of Marshall.

Tried before the Hon. LEROY F. BOX.

The indictment in this case was found at the October term of said court, 1881, and charged the defendant with carrying concealed weapons. The record does not show when the defendant was arrested, but the trial was had at the next ensu-

ing April term, 1882 ; and on the trial the defendant reserved a bill of exceptions, which states that, "the State having announced readiness for trial, and the defendant, being called upon by the court to announce whether he was ready for trial, then and there objected to be put upon his trial, because James B. Duckett, who acted as a grand juror at the time the indictment was found, was never selected or drawn by the officers whose duty it was to select grand jurors, nor was he ever placed or drawn on said grand jury to supply a deficiency, or in any other manner, except by the false personation of one Luke D. Duckett, who was his brother, and who was regularly drawn and summoned as a grand juror for the term at which said indictment was found ;" and he offered to prove these facts, by the testimony of the probate judge, clerk, sheriff, and several of the grand jurors. " Said objection was overruled by the court, and the defendant excepted ; and being then called upon to plead, the defendant moved to quash the indictment, on the same facts, and for the same reason above set forth," and again offered to prove the facts. " The court overruled the motion to quash the indictment, and called upon the defendant to plead to the indictment ; whereupon, the defendant then and there duly excepted to the action of the court, and then put in his plea" in abatement, setting forth the same facts more fully and in a more formal manner ; "and offered to introduce witnesses in support of said plea, but was not permitted by the court, because the plea came too late ; to which action of the court the defendant then and there excepted. The court then overruled the said plea ; to which, also, the defendant then and there excepted." The defendant then pleaded not guilty, and was tried on issue joined on that plea.

R. K. Boyd, for the appellant.

H. C. Tompkins, Attorney-General, for the State.

SOMERVILLE, J.—Section 4890 of the present Code provides, among other things, that " a *plea in abatement*, on the ground that the grand jurors by whom it was found were not drawn in the presence of the officers designated by law, must be filed *at the term at which the indictment is found*."

This statute was construed by this court in *Russell v. The State* (33 Ala. 366), and its strict letter was so far departed from, as to hold that such a plea is in time, if filed at the first subsequent term at which it could be done, after the defendant is informed of the existence of the prosecution, by arrest under *capias* on the indictment. This construction may be

[Nixon v. The State.]

justified, upon the theory, that the law never requires an *impossibility*; and it would be impossible for one to plead before the indictment is docketed, and it can not be docketed prior to the arrest of the defendant.

So, we are clear in our judgment, that the 12th Rule of Practice for the Circuit Courts (Code, 1876, p. 160), regulating the time within which pleas in abatement are to be filed, has no reference to criminal proceedings. These rules are evidently framed with reference to civil cases, and must be so construed. In criminal cases, such pleas may be interposed at any time before the plea of the general issue, or other plea to the merits, provided it is done at the first practicable term, and upon arraignment.—1 Bish. Cr. Proc. § 730.

In the present case, the effort is to assail the organization of the grand jury, on the ground that " the jurors were not drawn in the presence of the officers designated by law." Code, § 4890. A motion to *quash* the indictment was first made, and was overruled by the Circuit Court; and afterwards a plea in abatement was sought to be filed, embodying the same grounds as the motion to quash ; but the plea was rejected by the court, as coming too late,

The specific ground of objection urged was, that one James Duckett, who was not drawn, selected or impanelled as a grand juror, *falsely personated* an absent juror by the name of Luke D. Duckett, and participated in the proceedings of the grand jury, voting with that body, and being otherwise active in finding the present indictment.

It is our opinion, that the case presented comes within the letter of the statute, and certainly within its spirit. The grand jury is an inquest between the government and its citizens, and, as said in *United States v. Coolidge* (2 Gall. 367), "it is of the highest importance that this institution be preserved in its purity, and that no citizen be tried until he has been regularly accused by the proper tribunal." It is impossible to estimate, and equally impracticable to speculate upon the influence exerted upon the deliberations of such a body by one bold, bad man, who corruptly insinuates himself into their secret counsels, unrestrained by the safeguard of adjudged qualifications. He may, possibly, have no other purpose in view than the premeditated violation of the duties imposed by a grand juror's oath, which are, to keep secret the States' counsel, his fellows' and his own, and to present no person from envy, hatred or malice, nor leave any one unpresented from fear, affection, reward, or the hope thereof.—Code, § 4755. If we could permit the false personation of one grand juror, the same rule of justification must, of necessity, apply to any greater number. There can be no rule of limitation,

[Rickles v. The State.]

in such an important matter, which can stand the test of logical soundness, short of total exclusion. We think the facts set up in the plea in abatement and the motion to quash, if true, would entirely vitiate the indictment. The statute requires that *all* of the jurors constituting the original *venire*, should be drawn in presence of the officers designated by law ; and where one or more of them are not so drawn, the objection may be presented either by plea in abatement, or by motion to quash.—Code, §§ 4889–90 ; *Sparrenberger's case*, 53 Ala. 481 ; *State v. Flemming*, 22 Amer. Rep. 552 ; *Reich v. State*, 21 Amer. Rep. 265 ; *Nichols v. State*, 5 New Jersey (Law), 539 ; *State v. Cantrell*, 21 Ark. 127.

Whether there may not be cases in which the refusal of the Circuit Court to quash an indictment would be revisable, need not be decided.—*State v. Jones*, 5 Ala. 666. It was error to refuse to the defendant permission to file his plea in abatement, and to make proof of the facts averred ; and for this ruling of the court, its judgment is reversed, and the cause remanded.