# Bryant *v.* The State.

*Indictment for Grand Larceny.*

1. *Motion to quash indictment; inquiry into evidence before grand jury.* The general rule is, that the refusal of the lower court to quash an indictment on motion is not revisable on error; and if such motion may be sustained, when it is shown that there was no evidence before the grand jury, the court may properly refuse to enter into an inquiry into the sufficiency of the evidence to sustain the finding.

FROM the Circuit Court of Barbour.

Tried before the Hon. JOHN M. CHILTON.

The defendant in this case was indicted for the larceny of 300 lbs. of seed-cotton and 250 lbs. of lint-cotton. "On the trial," as the bill of exceptions states, "the defendant moved to quash the indictment, because there was no legal evidence before the grand jury which found it, as to the commission of the offense charged." On the trial of this motion, one McLane was examined as a witness, who was the only witness before the grand jury, and who stated that his testimony was in substance as follows: that he had the custody of the cotton as agent of the owners, and had it stored in two outhouses; that the cotton was missing one morning, and he had a warrant issued for the arrest of the defendant on suspicion; that the defendant left the county, and was absent for several months, but was arrested after his return, and committed to jail; and that while so in custody, being advised by him (witness) to tell all about it, the defendant admitted that he and another person committed the larceny. On this evidence, the court overruled and refused the motion to quash; and the defendant excepted.

THOS. N. MCCLELLAN, Attorney-General, for the State.

SOMERVILLE, J.—The general rule is, that the refusal of a presiding judge to quash an indictment is not revisable in this court on error.—*State v. Jones*, 5 Ala. 666; 1 Bish. Cr. Proc. (3d Ed.), § 761; *Nixon v. The State*, 68 Ala. 535. Admitting, however, that the present case belongs to a class constituting an exception to this rule, we are of opinion that the motion to quash was properly overruled. The record does not present a case where the indictment was found by the

grand jury without any evidence of witnesses, which is often held to be good ground for quashing. The effort is merely to institute an inquiry into the sufficiency of the evidence introduced before the grand jury to sustain the finding of the indictment.—*Sparrenberger v. The State*, 53 Ala. 481. The Circuit Court properly refused to enter into such an investigation, and its judgment is affirmed.