# Johnson *v.* State.

## *Indictment for Robbery.*

1. *Former jeopardy and acquittal; should be severally pleaded and not raised by motion to quash indictment.*—The facts that the defendant in a criminal case had been put in jeopardy or acquitted on a former indictment for the same offense by reason of the fact that he had been put to trial on said former indictment; that in the course of that trial the evidence developed a variance between the averments of the indictment and the facts proved; that the solicitor had, under the statute, (Code, § 4918), dismissed the prosecution with a view to the preferment of another indictment, and that the proper order to that end had not been entered by the court, such jeopardy or acquittal furnishes no ground for quashing the indictment subsequently preferred against the defendant, but it should be severally pleaded, which plea or pleas should be interposed before the plea of not guilty.

2. *Motion to quash indictment; addressed to discretion of the court when filed after plea of not guilty interposed.*—A motion to quash an indictment, which is filed after the defendant has interposed the plea of not guilty, is addressed to the sound discretion of the trial court, as to whether the court would overrule the motion and put the defendant to his demurrer or plea in abatement; and the exercise of this discretion is not revisable.

3. *Organization of petit jury; talesman not required to be served on defendant.*—While the defendant in a capital case is en-

[Johnson v. State.]

titled to have served upon him a list containing the names of the special jurors ordered for the trial of his case, and the names of the regular jurors who had been drawn and summoned for the week of his trial, which was subsequent to the week of his arraignment, it is not necessary that the copy of the venire served upon him should contain the name of the talesman who had been impannelled as a juror to fill the place of the regular juror for the week of the trial who, having been drawn and summoned for that week, failed to attend or was excused; and a motion to quash the venire on the ground that it fails to contain the name of such talesman is properly refused.

5. *Trial and its incidents; when one of the regular juries is out considering another case no ground for postponing trial of capital case.*—The fact that one of the regular juries duly organized for the week set for the trial of a capital case is, at the time of the calling of said capital case for trial, out engaged in the consideration of another case, constitutes no valid ground of objection to the defendant in said capital case going to trial.

6. *Attorneys; argument of solicitor to jury.*—On the trial of a criminal case, where it is shown that the defendant had been several times convicted of misdemeanors, and had once been convicted of a felony and sentenced to the penitentiary, the statement by the solicitor for the State during his argument to the jury that "this oft-repeated criminal should be severely dealt with," is within the limits of legitimate argument to the jury, being based upon ample predicate; and such statement furnishes no valid ground of objection on the part of defendant.

APPEAL from the Criminal Court of Jefferson.

Tried before the Hon. D. A. GREENE.

The appellant, Ed Johnson, was indicted, tried and convicted for the robbery of Frank Gress, and was sentenced to the penitentiary for a term of 35 years.

When the case was called for trial and before the jury was impannelled, the defendant moved the court to quash the indictment upon the following grounds, as set forth in the bill of exceptions: "That this defendant has been heretofore indicted for this same offense, and that on the trial of said indictment, on, to-wit, May 21, 1901, it appeared that there was a variance between the proof and the allegations and that said indictment was quashed by the court, and the defendant held for

a new indictment, and that the indictment to which the defendant is now called to plead is the indictment which was found and returned in lieu of said indictment quashed as aforesaid, the defendant says that this indictment was not authorized by law, in this, there is no order of court as is authorized by law, authorizing the grand jury to present the indictment now pending in this court against the defendant, and because the same is illegal and the grand jury had no authority to further investigate the case or to present the indictment which the defendant is now called to answer."

To support this motion the defendant introduced the former indictment preferred against him, and the minutes of the court for May 21, 1901—the trial of the defendant being on June 12, 1901. The minutes of the court of May 21, 1901, after stating the title of the case, was in words and figures as follows: "This the 21st day of May, 1901, came H. P. Heflin, solicitor, who prosecutes for the State of Alabama, and also came the defendant in his own proper person and by his attorney, and the said defendant being duly arraigned upon said indictment, for his plea thereto says that he is not guilty, and issue being joined thereupon, the evidence showing that the party charged to have been robbed is named Frank Gress, and the indictment alleges Frank Cress, this indictment is quashed, and it is ordered by the court that the defendant be held for a new indictment." The court overruled the motion to quash the indictment, and to this ruling of the court the defendant duly excepted. The defendant then moved the court to quash the venire, upon the ground that the venire served upon him did not contain the name of one F. W. Dunham, who had been summoned and impannelled to serve as a talesman, to fill a vacancy on the regular venire of the week, caused by the court excusing a juror for sickness. In support of this motion, there was evidence introduced showing that the court had excused one of the jurors who had been drawn and summoned as a juror for the week, upon the ground that he was sick, and that said Dunham was regularly drawn and impannelled as a talesman to supply the

[Johnson v. State.]

vacancy on the venire caused by excusing said juror, and that the name of said Dunham was not on the venire served on the defendant. The court overruled the motion to quash the venire, and to this ruling the defendant duly excepted. The defendant then objected to going to trial, upon the ground that twelve of the jurors drawn and impannelled as regular jurors for the week, and constituting a part of the regular venire for the week which was served upon the defendant, were at that time out engaged in the consideration of another case. The court overruled this objection, and the defendant duly excepted.

On the trial of the case, the State introduced one Frank Gress, who testified that he was robbed of a watch by the defendant, and there was other evidence introduced showing that the defendant was guilty of the offense charged in the indictment.

The defendant, as a witness in his own behalf, testified that he did not assault Gress or take the watch from him. On the cross-examination of the defendant, he admitted that he had been convicted in the police court of Birmingham two or three times and had been once sent to the penitentiary. It was shown by the records of the court that the defendant had been formerly sentenced to the penitentiary for grand larceny.

In his argument to the jury the solicitor used the following language: "This oft repeated criminal should be severely dealth with." The defendant objected to the use of this expression by the solicitor in his argument, and moved the court to exclude the same. The court overruled this objection and motion, and to this ruling the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe the evidence, they can not find the defendant guilty of robbery." (2.) "That if the jury believe the evidence, they will find the defendant not guilty."

No counsel marked as appearing for appellant.

[Johnson v. State.]

CHAS. G. BROWN, Attorney-General for the State, cited *Johnson v. State,* 31 So. Rep. 951; *Coles v. State,* 105 Ala. 76; *Maxwell v. State,* 89 Ala. 150; *Chambless v. State,* 78 Ala. 466; *Adams v. State,* 31 So. Rep. 851.

McCLELLAN, C. J.—The indictment was sufficient in averment. It had been regularly returned and presented by a duly constituted grand jury. On being arraigned the defendant entered his plea of "not guilty" to it. No plea of former jeopardy or of former acquittal was ever presented or filed or offered to be made or filed. If it be conceded that the defendant had been in jeopardy or, in legal contemplation, acquitted under a former indictment for the same offense by reason of the facts that he had been put to trial on a former indictment, that in the course of that trial the evidence developed a variance as to the name of the person alleged to have been robbed, that the solicitor had thereupon dismissed the purosecution under section 4918 of the Code with a view to the preferment of another indictment and *that the proper order to that end was not entered by the court* (*McClellan v. State,* 121 Ala. 18), such jeopardy or acquittal furnished no ground for *quashing* the present indictment, but should have been specially pleaded, and the special plea, or pleas, should have been interposed before the plea of "not guilty," else the point is waived.—*Rickles v. State,* 68 Ala. 538; *Jordan v. State,* 81 Ala. 20, 30, and cases cited. So if the facts had involved matter proper for a motion to quash, the motion should have been made before pleading to the indictment; and had the facts been such as would have justified the quashing of the indictments and the motion to that end had been seasonably made, yet, it would seem that it was in the unrevisable discretion of the trial court to overrule the motion and put the defendant to his demurrer or plea in abatement.—*State v. Jones,* 5 Ala. 666, 670; *Nixon v. State,* 68 Ala. 535; *Bryant v. State,* 79 Ala. 282. The appellant can take nothing for the overruling of his motion to quash the indictment.

[Bailey v. The State.]

The cause being set down for trial on a day of a subsequent week, the defendant was entitled to have served upon him a list containing the names of the special jurors ordered for his case and the names of the regular jurors who had been *drawn and summoned* for such subsequent week. A talesman brought in to fill the place of a regular juror who, having been drawn and summoned for that week, failed to attend or was excused, had no place on the special *venire* for defendant's trial, nor, consequently, on the list served on him. The motion of the defendant to quash the *venire* on the ground that the copy served on him did not contain the name of one such talesman was, therefore, propery overruled.—*Johnson v. State*, 133 Ala. 38.

Equally without merit was the defendant's objection to going to trial based on the ground that twelve of the special *venire* were at the time engaged in the consideration of another case.

Violations of municipal laws are *quasi* criminal offenses. Moreover, the police court of Birmingham has jurisdiction of minor offenses against State laws. The facts that defendant had been convicted two or three times in said court and had once been convicted of a felony and sent to the penitentiary supplied ample predicate for the solicitor's remark: "This oft-repeated criminal should be severely dealt with."

The refusals of the court to give the affirmative charges requested by defendant were so obviously proper as not to admit of discussion.

Affirmed.