# Wilkerson v. The State.

*Prosecution for Obtaining Money or Goods under False Pretenses.*

1. *Obtaining goods under false pretenses; when offense shown to have been committed.*—On the trial of a defendant for obtaining goods under false pretenses, where it is shown that the defendant went to a merchant and applied for advances and told said merchant that he could secure him by a mortgage upon some stock and a wagon, and that said stock and wagon belonged to the defendant and that there was no lien, claim or incumbrance of any kind upon them, whereupon the merchant took a mortgage upon said property, and several days thereafter made advances to the defendant, and that as a matter of fact, at the time of said statements by the defendant to the merchant, there was a prior mortgage or lien

upon said property, the defendant is shown to have been guilty of the offense charged; and the fact that the advances were not made to the defendant on the day he made the false representations and statements to the merchant, but at different subsequent dates, is immaterial.

APPEAL from the County Court of Geneva.

Tried before the Hon. ED. ROACH.

The prosecution in this case was commenced by an affidavit made before a justice of the peace, which charged the defendant, Nick Wilkerson, with having obtained money and property under false pretenses from the firm of D. L. Watson & Co. The affidavit was made by D. L. Watson, a member of said partnership. The facts of the case are sufficiently stated in the opinion.

Upon the hearing of all the evidence, the court rendered judgment finding the defendant guilty of the offense charged.

W. R. CHAPMAN and W. O. MULKEY, for appellant. If a false representation is made as to some existing or past fact, and if upon this false representation property of value is parted with, the person so making the false representation and obtaining the goods under his false representation, is not guilty of the statutory offense of false pretense unless it also appears from the evidence that accompanying the false representation, and at the same time, there was an intent on the part of the prisoner to defraud.—*Dorsey v. State*, 111 Ala. 40; *O'Connor v. State*, 30 Ala. 9. See also *Meek v. State*, 117 Ala. 116; *Woodbury v. State*, 69 Ala. 242; *Sandy v. State*, 60 Ala. 58.

MASSEY WILSON, Attorney-General, for the State.

HARALSON, J.—A false pretense such as falls within the words of the statute, is a false representation, relating to some existing or past fact, and must actually mislead. "A promise not meant to be kept, is not a false pretense."—1 Bishop on Statutory Crimes, § 451; *Colly v. State*, 55 Ala. 85; *Pearce v. State*, 115 Ala. 115; *Wood-*

*bury v. State,* 69 Ala. 242. To constitute the offense, it is enough if a material part of the pretense be false; that it be made with the intent to defraud, and that it induces the person sought to be wronged, to part with his property, and these are inquiries proper for the jury under appropriate instructions from the court.—*Beasley v. State,* 59 Ala. 20.

The evidence of the witness, D. L. Watson, for the State, tended to show that on the 6th day of February, 1903, defendant came to him, as a member of the firm of D. L. Watson & Company, and applied for advances; that witness told defendant he would advance to him, if he would secure him, and asked him what he had to secure him with, and defendant told him he had a yoke of oxen and a wagon; and after examining the property, witness asked defendant, if the oxen and wagon were his, and if there was anything against them in the way of lien, claim or incumbrance of any kind, to which defendant replied, there was not; that the property was his and free from all liens, claims or other incumbrances; that thereupon witness took a mortgage on the property which was introduced in evidence, and from the 9th of February to the 14th of April, at different dates, he let the defendant have the goods shown on the account introduced, amounting to $21.20, which were worth $20.

The State introduced one Morris, who testified that on the 6th of February, 1903, the witness had a mortgage on one of the oxen and on the wagon that defendant mortgaged to D. L. Watson & Company, that he owned absolutely, the other ox. His mortgage on the property, dated December 6, 1902, to secure a note of $70, due September 1, 1903, and for rent and advances for the years 1903-4-5, foreclosable after the maturity of said note, was also introduced in evidence.

The foregoing was in substance all the evidence for the State in the case. The defendant swore substantially as Watson did, except he stated that he told Watson, after the mortgage was executed, that there was nothing against the property to hurt.

The court trying the case without a jury, found the defendant guilty.

[Prince v. The State.]

It is admitted by defendant's counsel, that defendant made a false reprsentation to Watson, of a fact existing at the time he executed the mortgage, but it is contended that because the advances were not made on the 6th of February, at the time the mortgage was executed, but were made on the 9th of that month, and at other times afterwards, at different dates, to the 14th of April, they were not parted with on the faith of the false representations made.

This contention cannot be sustained, but the guilt of the defendant would be established, if in fact, the goods were parted with on the dates of their purchase and delivery on account of the false representations of defendant of his ownership of the mortgaged property to secure the advances; that it was unincumbered, and that the mortgagees were induced by such false pretenses to part with their property. The court so found, and we see no reason for holding that its conclusions were not correct.

Affirmed.