# Mosely *v.* The State.

### *Assault With Intent to Murder.*

(Decided May 18, 1911.　56 South. 35.)

1. *Infant; Delinquent Child; Jurisdiction.*—The delinquent Juvenile Act for Mobile county, (Local Laws 1907, p. 363) does not protect a child under sixteen years of age committing a crime from a criminal prosecution and sentence under the general laws of the state.

2. *Indictment and Information; Motion to Quash; Grounds.*—A motion to quash the indictment is within the irrevisable discretion of the trial court, and the fact that the court overruled the motion to quash for an erroneous reason does not authorize a review of the court's action.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Heustis Moseley was convicted of an assault with intent to murder, and appeals. Affirmed.

J. B. JENKINS, for appellant. Counsel discusses the Juvenile Delinquent Act for Mobile county, and the constitutionality of the act, as bearing on the question at issue, but without citation of authority.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The certificate of appeal is not sufficient to authorize the court to review the matters contained in the alleged transcript.—Sections 6245, 6246 and 6255, Code 1907;

*Ex parte Rutledge,* 118 Ala. 651; *Hurd v. City of Troy,* 54 So. 495.

DE GRAFFENRIED, J.—The indictment in this case contains two counts, in one of which the defendant is charged with assault with intent to murder, and in the other with assault with intent to rape. He was tried and convicted, and sentenced to imprisonment for 20 years in the penitentiary. The defendant appeals.

The bill of exceptions contains the following statement: "On the day set for trial and when the case was called for trial, the defendant, through his attorneys, made a motion to the court that the indictment be quashed on the grounds that the defendant was below the age of 16 years and that under a special juvenile delinquent act passed for Mobile county (Loc. Laws 1907, p. 363) a person under the age of 16 years could not be tried under an indictment and proceeded against, but was amenable to the laws, and under jurisdiction of, the respective courts that were empowered by said act of the Legislature to act in such cases; the attorney for the defendant offering affidavit showing the age of defendant to be under 16 years. The court overruled the motion, on the ground that said special law for Mobile county was unconstitutional, in that it violated subdivision 14, § 104, of the Constitution of Alabama of 1901."

(1) There is nothing in the act for the government of juvenile delinquents in the county of Mobile which prohibits an indictment against a child under 16 years of age, and we find nothing prohibiting a child who commits a crime against the laws of the state from being indicted, convicted, and sentenced, as any other criminal, under the general laws of the state. While the act provides that any child who violates any of the gen-

eral laws of the state, or any ordinance of the city of Mobile, or who is incorrigible, or associates with thieves, is growing up in idleness, or begs, or does a great many other things indicating immoral tendencies, is declared to be a delinquent, and methods are provided whereby "the care and custody of the child shall approximate as nearly as may be that which should be given by its parents, and that, as far as practicable, any delinquent child shall not be treated as a crimial but as misdirected and misguided, and needing aid, encouragement and assistance," there is nothing in the act indicating that it was the purpose of this act to prohibit the state from proceeding, in its criminal courts, criminally against a child, and, by the usual method of indictment, on conviction, from inflicting the same punishment for crime as upon those over 16 years of age. In fact, the act, in express terms recognizes this power of the state, for it provides that "a disposition of any child under this act, or any evidence given in such cause, shall not in any civil, *criminal* or other cause of proceedings whatever, *in any court* be lawful or proper evidence against said child for any purpose whatever, except in subsequent cases against the *same child under this act.*" The above-quoted language clearly indicates that the Legislature recognized that, under the terms of the act, even after commitment under the act as a delinquent, the child was liable to a criminal prosecution at the hands of the state for some specific crime against its law.

The act in question is materially different from the one which was adopted, as a general law of the state, on March 12, 1907 (Laws 1907, p. 442), and which was brought into the Code of 1907, §§ 6450-6465, and it is also materially different from the act approved August 25, 1909 (Laws 1909 [Sp. Sess.] p. 117), amending the Code. In the general law a child under 14, in the cases

[Mosely v. The State.]

covered by it, is expressly protected from criminal prosecution; in the Mobile local law it is not. Under the general law, the courts are required, when a child who appears to be of tender age is brought before them, to inquire as to the age of such child, and if ascertained to be under 14 years of age to make an order disposing of the child after the methods provided by the law. In the local law for Mobile county, no such duty is imposed, and the entire matter is placed within the control of certain courts of inferior jurisdiction in Mobile county and the city of Mobile. It therefore follows that the special law of Mobile county governing juvenile delinquents did not protect this defendant from prosecution.

The humane purposes of the local law for Mobile county address themselves to the sympathy of this court; such acts are finding their way into the statutes of all our states, and the expressed purposes of this act is that a delinquent child shall be treated, not as a criminal, but as misdirected and misguided, and needing aid, encouragement, and assistance, providing a method of guardianship, not of punishment, for the delinquents covered by it.

We have proceeded thus far, out of respect to the fact that this is a criminal case, and that the sentence of the defendant is for a period of 20 years, upon the assumption that the defendant properly raised the question above discussed, on his motion to quash the indictment, for our consideration. The question is not, however, presented for review by the motion to quash. The grand jury was perfect in form, and met all the requirements of the law. While our courts have, at times, treated a motion to quash an indictment for defects apparent on the face of the indictment, or for irregularities in the formation or in the conduct of the grand jury which

preferred the indictment, as the equivalent of a demurrer or plea in abatement, nevertheless it is the true rule in Alabama, as declared by McClellan, C. J., in *Johnson v. State*, 134 Ala. 54, 32 South. 724, that the refusal of a trial court to quash an indictment is in the unrevisable discretion of the trial court. It is true that the bill of exceptions showed that the court overruled the motion to quash, because it was of opinion that the local juvenile law of Mobile was unconstitutional, but this court has nothing to do with the reasons which may have actuated the court below in refusing the motion, and in this case the refusal of the court to quash the indictment presents nothing for us to review. "Had the facts been such as would have justified the quashing of the indictment and had the motion to that end been seasonably made, yet it would seem that it was in the unrevisable discretion of the trial court to overrule the motion and put the defendant to his demurrer or plea in abatement.—*State v. Jones*, 5 Ala. 666; *Nixon v. State*, 68 Ala. 535; *Bryant v. State*, 79 Ala. 282. The appellant can take nothing from the overruling of his motion to quash the indictment."—*Johnson v. State*, 134 Ala. 54, 32 South. 724.

The judgment of the court below is affirmed.
Affirmed.