# Clark v. The State.

### False Pretense.

(Decided June. 15, 1916.    72 South. 291.)

1. **Appeal and Error; Review; Matter for Bill of Exceptions.**—The action for the trial court upon a motion to quash an indictment cannot be brought to the attention of the reviewing court except by bill of exceptions, and in the absence of such bill of exceptions the matter is not presented for review.

2. **Same; Discretion.**—The question as to whether or not a trial court will quash an indictment is addressed to the sound discretion of the court, and the court's refusal to do so, is ordinarily not revisable on appeal unless abused.

3. **False Pretense; Indictment; Sufficiency.**—Where the indictment followed the statutory form except that the word "representation" in the conclusion thereof was used for the word "pretense," there was a substantial conformity and the indictment was sufficient as it preserved substantially the same sense and meaning.

4. **Same; Jury Question.**—Under the evidence in this case it was for the jury to determine whether the pretenses made were cogent and controlling in inducing the act.

5. **Same; Pretense; Sufficiency.**—If the pretense alleged is not patently absurd or irrational, or if the party defrauded had not at the time the pretense was made and acted upon the means of detecting such falsehood, an indictment alleging such pretense was sufficient.

6. **Same; Nature; Elements.**—Where the prosecution was for obtaining money by false pretense, the fact that defendant did not obtain the money from the defrauded party, but merely obtained a suretyship, is no defense; it is sufficient that the money was parted with by the reason of the false pretense to some other person in payment of the prisoner's obligation and at his request.

7. **Same.**—It is not necessary that the money should be parted with at the time of the false pretense to constitute the crime; it is sufficient when an obligation is entered into by reason of the false pretense, and as a consequence the party defrauded had it to pay.

8. **Appeal and Error; Review; Instruction.**—In the absence of a bill of exceptions setting forth the evidence and furnishing data for review, charges refused to defendant cannot be reviewed on appeal, notwithstanding the provisions of §§ 3616, 5364 and 6264, Code 1907, and this rule is not changed by the provisions of Acts 1915, p. 815, amending § 5364, Code 1907.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Josiah Clark was convicted of false pretense, and he appeals. Affirmed.

Omitting formal charging part, the indictment was as follows: Josiah Clark did falsely pretend to Ernest Hill, with the intent to defraud, that Henry Clark had instructed him, the said Josiah Clark, to procure Ernest Hill to confess judgment with the said Josiah Clark in the circuit court of Houston County, Ala., for the fine and cost in the case, wherein the State of Alabama was plaintiff, and Josiah Clark defendant, and by means of such false representation obtained from the said Ernest Hill the sum of $54, against the peace and dignity, etc.

The demurrers set up that the indictment charged no offense; alleges a state of fact not constituting any offense known to the law; does not allege any representation by defendant of any existing or past facts which, as a matter of fact, did not exist at the time of the alleged representation.

R. P. COLEMAN, for appellant. W. L. MARTIN, Attorney General, and HARWELL G. DAVIS, Assistant Attorney General, for the State.

EVANS, J.— (1, 2) Appellant was convicted under section 6920 of the Code for having obtained money under false pretenses. The sufficiency of the indictment is challenged on several grounds, both on motion to quash and on demurrers. (The reporter will set out the indictment.) It will be observed that the indictment follows the statutory form, except that in the conclusion thereof the word "representation" is substituted for the word pretense, thus reading, "and by means of such false representation obtained from the said Ernest H. Hill the sum of $54," etc. The allegation of the false pretense relied on is also called into question. In the absence of a bill of exceptions, we cannot review a motion to quash the indictment.—*Weyms v. State,* 13 Ala. App. 297, 69 South. 310. The refusal of the trial court, however, to quash an indictment is not ordinarily revisable on appeal, being a matter addressed to the sound discretion of the court.— *Bryant v. State,* 79 Ala. 282; *Johnson v. State,* 134 Ala. 54, 32 South. 724; *Mosely v. State,* 1 Ala. App. 108, 56 South. 35. The overruling of the motion to quash is a matter of no consequence, however, as defendant had advantage of the same questions on demurrers.

(3) The substitution of the word "representation" for "pretense" preserved substantially the same sense and meaning and was immaterial.

"Words used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning."—Code 1907, § 7136.

The substitution was a distinction without a substantial difference; it was a substantial conformity, which is sufficient.— *Block v. State,* 66 Ala. 493; *Richmond v. State,* 4 Ala. App. 129, 58 South. 973.

(4) Under the authorities, we think the indictment in this case sufficient. The representation made by defendant to Ernest H. Hill purported to be of a past or existing fact or condition, and the instruction or request of Henry Clark to Ernest H. Hill as represented by defendant may or may not have been cogent and controlling in inducing Hill to act in the premises. That was a matter dependent largely upon the relations of the parties. However, these were jury questions and were determined adversely to appellant.—*Meek v. State,* 117 Ala. 116, 23 South. 155; *Wilkerson v. State,* 140 Ala. 155, 36 South. 1004; *Beasley v. State,* 59 Ala. 20.

(5) The indictment is sufficient if the pretense is not patently absurd or irrational, or if the defrauded party had not at the very time it was made and acted on the means at hand of detecting its falsehood, and his want of prudence is no defense.— *Woodbury v. State,* 69 Ala. 242, 44 Am. Rep. 515; *Meek v. State, supra.*

(6, 7) There is nothing in the contention that defendant did not obtain the money from Ernest H. Hill, but merely a suretyship. The money was parted with by reason of and in consequence of the false pretense, and it having been paid over to some one other than the prisoner, but in payment of prisoner's obligation and at his request, is sufficient (*Sandy v. State,* 60 Ala. 58); nor is it necessary that the money should be parted with at the time of the false pretense. It is sufficient that an obligation was entered into by reason of such false pretense, and in consequence thereof Hill had to pay the said sum of $54.— *Wilkerson v. State,* 140 Ala. 155, 36 South. 1004.

(8) The record sets forth several written charges refused to defendant; but, in the absence of a bill of exceptions setting forth the evidence, this court cannot review the charges, notwithstanding Code, § 5364, makes them a part of the record, and by operation of law, Code, § 3016, grants appellant an exception as to the court's rulings thereon, and Code, § 6264, makes it our

duty in criminal cases to review the record for error apparent thereon.—*Weyms v. State,* 13 Ala. App. 297, 69 South. 310; *Ex parte Watters,* 180 Ala. 523, 61 South. 904; *Peters v. Nolen,* 10 Ala. App. 599, 65 South. 699; *Payne v. State,* 10 Ala. App. 85, 65 South. 262; *Stoudenmire v. State,* 40 South. 48. This rule governing the review of charges is in no wise changed by the act amendatory of section 5364.—Acts 1915, p. 815.

There being no reversible error in the record, the judgment of the court below is accordingly affirmed.

Affirmed.