# Smith v. The State.

### Train Wrecking.

(Decided December 19, 1916.   73 South. 824.)

1. **Appeal and Error; Review; Bill of Exceptions.**—Where there is no bill of exceptions and nothing in the record to show that the proceedings leading up to a conviction for a capital offense were irregular, the presumption is indulged that all the proceedings were had according to law under § 6256, Code 1907, as amended by Acts 1915, p. 708.

2. **Same; Expression.**—The ruling on a motion to quash the indictment is not reviewable unless an abuse of discretion is shown, since it is within the discretion of the trial court to put defendant to a demurrer or to a plea in abatement to the indictment.

3. **Indictment and Information; Quashing; Waiver.**—A plea in bar to an indictment is a waiver of the right to move to quash; before the motion to quash can be entertained, the plea should be withdrawn with the permission of the court.

4. **Appeal and Error; Record; Bench Note.**—The bench note of the trial judge overruling a motion to quash being but a memorandum for the clerk is not a sufficient entry of record of the ruling on which to base an appeal.

5. **Same; Review; Motion for New Trial.**—Under Acts 1915, p. 722, the denial of defendant's motion for a new trial in a criminal case cannot be reviewed in the absence of a bill of exception incorporating the substance of the evidence, where the ground for new trial necessitates an examination of the evidence.

APPEAL from Jefferson Criminal Court.

Heard before Hon. A. H. ALSTON.

Amos Smith was convicted of train wrecking and he appeals. Affirmed.

THOMPSON, GREEN & THOMPSON, and JAMES BARTON, for appellant.   W. L. MARTIN, Attorney General, and HUGH MORROW, for appellee.

EVANS, J.—The appellant was convicted of train wrecking, which, under the statute, may be punished capitally at the discretion of the jury.—Acts 1911, p. 381.

(1) No bill of exceptions is incorporated in the transcript, and the appeal comes up on the record proper.   Under the duty imposed by statute, we have searched the record for error; but in the absence of a bill of exceptions there is nothing presented

[Smith v. The State.]

by the record for revision. For aught that appears in the record, the judgment and proceedings had in support thereof are regular, and this presumption obtains in the absence of specific objection appropriately raising some question as to those matters authorized to be omitted in making up the transcript.— Acts 1915, p. 708; *George Burks' Case, infra,* 73 South. 824.

(2, 3) We might remark, however, that the motion filed to quash the indictment is not revisable, as it is within the discretion of the trial court as to whether it will put the defendant to his demurrer or plea in abatement.—*Bryant's Case,* 79 Ala. 282; *Johnson's Case,* 134 Ala. 54, 32 South. 724; *Mosely's Case,* 1 Ala. App. 108; *Josiah Clark's Case,* 14 Ala. App. 633, 72 South. 291. Moreover, the defendant, having pleaded in bar, waived his right to move in quashal. He should have first sought the permission of the court to withdraw his plea, and then have interposed his motion.—*Johnson's Case, supra; Oakley's Case,* 135 Ala. 15, 33 South. 23.

(4) Furthermore, the action of the trial court on the written motion does not properly appear of record; the bench note of the trial judge, entered to the effect that the motion was overruled, was but a memorandum for the clerk in enrolling or writing up the order or judgment of the court. See 3 Mayf. Dig. 11, § 84. See also *Ewing v. Wofford,* 122 Ala. 439, 25 South. 251.

In view of the widespread practice obtaining in attempting to test the sufficiency of indictments by motions to quash, instead of by demurrer, we take occasion here to remark that the proper way to compel appellate review is by demurrer, as error cannot be predicated upon a matter that is discretionary with the trial court—that is to say, in the absence of a plain and palpable abuse of discretion.

(5) Nor can we review the grounds of appellant's motion for a new trial, authorized in criminal cases by Acts 1915, p. 722. This necessitates an examination of the evidence; and, as the transcript is without a bill of exceptions furnishing the substance of the evidence, we are without data for intelligent examination, and are perforce precluded from consideration of this motion.— *Mitchell's Case,* 14 Ala. App. 104, 72 South. 507.

We discover no error in the record, and the judgment is accordingly affirmed.

Affirmed.