82 So.2d 805

**Fannye Louise CLARK**

v.

**STATE.**

8 Div. 524.

Court of Appeals of Alabama.

Oct. 11, 1955.

Howell Thomas Heflin, Tuscumbia, for appellant.

John Patterson, Atty. Gen., and Robt. P. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appeal has been submitted upon a motion to strike the transcript of the evidence and upon the merits.

We have examined the record proper, and it is in all things regular. If therefore the motion to strike the transcript of the evidence is well taken it will be decisive of this appeal.

The grounds of the motion to strike the transcript are that:

(1) It was not filed with the clerk of the circuit court in accordance with Supreme Court Rule 48, Code 1940, Tit. 7 Appendix.

(2) It was not filed with the clerk of the circuit court in accordance with Section 827(1), Title 7, Code of Alabama 1940. (Pocket Part).

(3) It was not filed with the circuit clerk in accordance with law.

(4) It was not filed with the circuit clerk for more than six months after the taking of the appeal.

The record shows that verdict and judgment of guilty was rendered and entered on 23 November 1953, and the defendant on that day gave notice of appeal.

No motion for a new trial was filed.

The record further shows that the transcript of the evidence was filed with the circuit clerk on 19 June 1954, some six months and twenty-six days after appeal taken.

In 1951 the legislature passed an act abolishing bills of exceptions and substituting in lieu thereof a transcript of the evidence. Act No. 886, Gen. Acts of Alabama, 1951, p. 1527. This act further provided for the methods by which an appellant could have the transcript of the evidence made by the court reporter, the time within which the transcript must be filed with the clerk of the lower court, and provisions were also made for allowance of extension of time by the trial court for filing the transcript.

This act is now codified as Sections 827 (1), 827(1a), 827(1b), 827(2), 827(3), 827

(4), 827(5), and 827(6), Title 7, Code of Alabama 1940.

Section 827(1), supra, provides that the court reporter shall promptly transcribe the evidence after due notice, and file the same with the clerk within sixty days from the date on which the appeal was taken.

Again, Section 827(4), supra, specifically provides that court reporter's certified transcript shall be filed with the clerk within sixty days from the date of taking an appeal, provided that the period may be extended by the trial court.

Section 827(1a) provides that the trial court may extend the time for filing the transcript for cause.

However, since no request for extension of time for filing the transcript was made to the trial court in this case we are not concerned with the provisions for extending the time for filing.

The recent case of Watkins v. Kelley, 262 Ala. 524, 80 So.2d 247, is we think decisive of the motion.

In that case affidavits had been submitted to the Supreme Court showing an excuse for not having filed the transcript with the clerk on time.

The court held the affidavits could not be considered by it, but should have been presented to the trial court in an application there for an extension of time.

The court further held that in case of conflict between the statutes and Supreme Court Rule 48, the provisions of the statutes must control.

In striking the transcript the court further held that under the statutes the transcript of the evidence must be filed with the clerk below within sixty days from the taking of the appeal.

The State's motion to strike the transcript of the evidence is granted, and the record proper being in all respects regular, this cause is ordered affirmed.

Motion granted, and judgment affirmed.

Affirmed.