130 So.2d 231

**Arthur Lee WHITE**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 696.**

Court of Appeals of Alabama.

Dec. 13, 1960.

Rehearing Denied Jan. 17, 1961.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for appellant.

J. M. Breckenridge and Jas. G. Adams, III, Birmingham, for appellee.

HARWOOD, Presiding Judge.

Having been found guilty in the recorder's court of disorderly conduct, in violation of Sec. 311 of the General City Code of Birmingham of 1944, this appellant took an appeal from said judgment to the Circuit Court of Jefferson County, where he was again adjudged guilty. From this judgment of the Circuit Court, the appellant perfected his appeal to this court.

Sec. 311, supra, reads:

"Any person who disturbs the peace of others by violent or offensive conduct, or carriage, or by loud or unusual noises, or by profane or obscene or offensive language, or any person who shall commit any act or diversion causing or tending to a breach of the peace, or any person who shall be guilty of lewd, immoral or indecent conduct, or any person who shall use any obscene or filthy language in a public place, or any person who shall commit any act or diversion tending to or calculated to debauch the morals of any person, shall be deemed guilty of disorderly conduct, and, upon conviction, shall be punished as provided in section 4 of this code."

The complaint upon which this appellant was tried was as follows:

"Comes City of Birmingham, Alabama, a municipal corporation, and complains that Arthur Lee White within twelve months before the beginning of this prosecution, and within the City of Birmingham, Alabama, did disturb the peace of others by violent or offensive conduct, or carriage, or by

loud or unusual noises, or by profane or obscene language, or did commit an act or diversion causing or tending to a breach of the peace, or was guilty of lewd, immoral or indecent conduct, or did use obscene or filthy language in a public place, or did commit an act or diversion tending to or calculated to debauch the morals of a person, contrary to and in violation of Section 311 of the General City Code of Birmingham of 1944."

The case was submitted in this court upon a motion of the appellee (City of Birmingham) to strike the transcript of the evidence, and upon the merits.

The motion to strike the transcript of evidence is upon the ground that such transcript was not timely filed with the clerk of the court below.

Sec. 827(4), Tit. 7, Code of Alabama 1940, as amended by Act No. 97, First Extra Session of 1956, approved 9 February 1956, provides that the transcript of evidence must be filed with the clerk below within 60 days from the date of the taking of the appeal or within 60 days from the court's ruling on the motion for a new trial, whichever date is later.

This appeal was taken on 5 January 1959. The motion for a new trial was filed 14 January 1959, and overruled on 20 January 1959.

▮ It has long been the settled doctrine of this State that prosecutions for violation of municipal ordinances are statutory and quasi criminal in nature. Such appeals are not governed by the statutes regulating criminal appeals, but are governed by the rules applicable to civil appeals. Parks v. City of Montgomery, 38 Ala.App. 681, 92 So.2d 683, and the large number of cases cited therein.

▮ After an appeal has been taken, a trial court has no power to entertain a motion for a new trial or rehearing under either the 30 day statute (Sec. 119, Tit. 13, Code of Alabama 1940) or the 4 month statute (Sec. 279, Tit. 7, Code of Alabama 1940), except as a trial court's jurisdiction may be continued by statutes in criminal cases for the purpose of hearing and determining a motion for a new trial seasonably made. Lindsey v. Barton, 260 Ala. 419, 70 So.2d 633; Secs. 368 and 382, Tit. 15, Code of Alabama 1940.

▮ An appeal having been taken prior to the filing of the motion for a new trial, the lower court was without jurisdiction to consider the motion, and any order made in connection therewith was void. Gandy v. City of Birmingham, 31 Ala.App. 313, 17 So.2d 421; Lindsey v. Barton, supra; MacMahon v. Dozier, 237 Ala. 574, 187 So. 710.

This being so, a transcript of the evidence should have been filed with the clerk below within 60 days from 5 January 1959, or on or before 6 March 1959. The transcript was not filed with the clerk below until 9 March 1959. It is therefore obvious that the transcript of evidence was not filed within the time required by law, nor was any extension of time for filing the transcript sought under the provisions of Sec. 827(1a), Tit. 7, Code of Alabama 1940.

Under such circumstances the timely motion of the City of Birmingham is well taken, and the statutes, rules, and decisional law appertaining necessitate the granting of the motion to strike the transcript of evidence. Aaron v. State, 39 Ala.App. 84, 94 So.2d 415; McDaniel v. State, 39 Ala.App. 157, 96 So.2d 319; Clark v. State, 38 Ala. App. 305, 82 So.2d 805; Eidson v. State, 38 Ala.App. 321, 82 So.2d 814; Relf v. State, 267 Ala. 3, 99 So.2d 216.

The judgment entry recites:

" * * * and the defendant files motion to quash, and said motion being considered by the Court, it is ordered and adjudged by the Court that said motion be and the same is hereby overruled; and the defendant files demurrer to the City's Complaint, and said

demurrer being considered by the Court, it is ordered and adjudged by the Court that said demurrer be and the same is hereby overruled; and said defendant being duly arraigned upon the Complaint filed by the City of Birmingham, for his plea thereto says that he is not guilty."

The action of the court in overruling appellant's motion to quash the complaint was assigned as error by the appellant.

 As stated by De Graffenried, J., in Mosely v. State, 1 Ala.App. 108, 56 So. 35, 36:

"While our courts have, at times, treated a motion to quash an indictment for defects apparent on the face of the indictment, or for irregularities in the formation or in the conduct of the grand jury which preferred the indictment, as the equivalent of a demurrer or plea in abatement, nevertheless it is the true rule in Alabama, as declared by McClellan, C. J., in Johnson v. State, 134 Ala. 54, 32 South 724, that the refusal of a trial court to quash an indictment is in the unrevisable discretion of the trial court."

Even though the facts be such as would justify the quashing of the indictment, it is in the unrevisable discretion of the trial court to overrule the motion to quash and put a defendant to his demurrer or plea in abatement, and an appellant can take nothing from the overruling of his motion to quash an indictment. Johnson v. State, 134 Ala. 54, 32 So. 724. By analogy this appellant can take nothing from the overruling of his motion to quash the complaint filed against him.

To the same effect that the action of the trial court on a motion to quash an indictment is discretionary and cannot be reviewed, see also Clark v. State, 14 Ala.App. 633, 72 So. 291; Fealy v. City of Birmingham, 15 Ala.App. 367, 73 So. 296; Smith v. State, 15 Ala.App. 478, 73 So. 824; Canto v. State, 15 Ala.App. 480, 73 So. 826.

The transcript of the evidence being stricken, our review is limited to the record proper. The record proper is in all things regular. This judgment is therefore due to be affirmed and it is so ordered.

Transcript of evidence stricken; affirmed.